Stephanie **HEININGER**, Plaintiff,

v.

**WECARE DISTRIBUTORS, INC., d/b/a The Oil of Mink Collection by Rose Marie, a foreign corporation, and Valjean Corporation, Inc., a Florida corporation, Defendants.**

No. 88–0679–Civ.

United States District Court,
S.D. Florida,
Miami Division.

Feb. 24, 1989.

Stephen L. Malove, Rassner, Malove, Rassner, Kramer & Gold, P.A., South Miami, Fla., for plaintiff.

Scott D. Krevans, Conroy, Simberg & Lewis, P.A., Hollywood, Fla., for defendants.

## ORDER REMANDING CAUSE TO STATE COURT

NESBITT, District Judge.

This cause is before the Court upon the motion of Plaintiff to remand the above-styled matter to state court pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1332(a)(1).

### I. FACTS

Plaintiff commenced this products liability action against Wecare Distributors, Inc. on March 8, 1988 in a Florida state court, alleging that Wecare sold her a skin care product called "The Facial Trio" which caused her facial condition to deteriorate forcing her to undergo painful medical treatment. Subsequently, Wecare on April 15, 1988 properly removed the action to this Court pursuant to 28 U.S.C. § 1441. On or about October 25, 1988, Plaintiff discovered, through an answer to an interrogatory filed by Wecare, the identity of the manufacturer of the skin care product which allegedly caused Plaintiff's injuries. Thereupon, Plaintiff sought to amend her complaint on January 6, 1989 to add the manufacturer, Valjean Corp., Inc., as a second defendant. Plaintiff's counsel represented in the motion to amend that Wecare had no objection to the amendment. On January 11, 1989, this Court granted Plaintiff's motion to amend, and her amended complaint naming Valjean Corp. as a defendant was deemed filed that day.

### II. DISCUSSION

Plaintiff asserts that remand is appropriate since the addition of Valjean has destroyed this Court's diversity jurisdiction. Wecare contends that remand is inappropriate since Valjean is not an indispensable party to the action, and urges this Court to dismiss Valjean as a defendant and to retain jurisdiction over this action.

Remand for lack of subject matter jurisdiction after removal is controlled by 28 U.S.C. § 1447(c), which was amended on November 19, 1988 by the Judicial Improvements and Access to Justice Act, Pub. L. No. 100–702 (1988). 28 U.S.C. § 1447(c) now provides, in pertinent part:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Moreover, section 1447 was also amended to add a new subsection (e), which provides, in entirety:

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

This subsection was added no doubt to reconcile different views among the circuits as to whether a non-diverse party need be indispensable before a court may allow joinder which would destroy diversity jurisdiction. *Compare Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987) and *Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371 (9th Cir.1980) (holding that a non-diverse party need only be considered proper and not indispensable before allowing a joinder which would destroy diversity jurisdiction) *with Steel Valley Auth. v. Union Switch and Signal Division*, 809 F.2d 1006 (3d Cir.1987), *cert.*

*dismissed,* —— U.S. ——, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988) (requiring that a non-diverse defendant be indispensable before allowing joinder).[1]

■ The Court finds that subsection (e) requires a remand of this action to state court under these circumstances.[2] It is clear from the unambiguous language of § 1447(e) that a non-diverse party need not be indispensable as defined by Fed.R.Civ.P. 19 in order for a district court to permit joinder and remand the action to state court.[3] As Congress noted, "[j]oinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder." H.R.Rep. No. 100–889, 100th Cong., 2d Sess., *reprinted in* 1988 U.S. CONG. & ADMIN. NEWS 5982, 6033.

■ However, this Court must still assess whether joinder was appropriate under the circumstances of this case. If Valjean is permitted to remain in the action, this cause must be remanded to state court pursuant to § 1447(c) and § 1447(e). The determination of whether a joinder of a non-diverse party is appropriate requires a balancing of the equities involved. On the one hand, there is the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources. On the other hand, the diverse defendant has an interest in keeping the action in federal court. The Fifth Circuit in *Hensgens, supra,* although decided before the enactment of § 1447(e), rejected the dispositive distinction as whether a proposed non-diverse party is indispensable, and outlined several factors to be considered in determining whether a joinder and remand is appropriate.[4]

For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

■ Having weighed the relevant equities in this case, the Court concludes that a remand to state court is not only justified but preferable. Plaintiff did not seek to amend her complaint until such a time when she discovered the identity of the manufacturer of the allegedly defective product. *See Acme Electric Corp. v. Sigma Instruments, Inc.,* 121 F.R.D. 26, 29 (W.D.N.Y.1988). Defendant Wecare's failure to object to Plaintiff's amendment suggests that it acknowledged that Valjean was an appropriate party to this action. Wecare now points out that Valjean can be sued later by Plaintiff and Wecare in state court, and both Plaintiff and Wecare have pointed out that separate suits are probable. However, having both defendants as parties to this action will promote the efficient use of judicial resources, and there is a lack of a significant federal interest in deciding the state law issues which pre-

1. The Ninth Circuit's position has become cloudy, however, in light of its decision in *Takeda v. Northwestern National Life Ins. Co.,* 765 F.2d 815 (9th Cir.1985). However, *Desert Empire* has never been overruled and has been followed. *See Patterson v. Winthrop–Breon Laboratories,* 115 F.R.D. 478, 484 (E.D.Wash.1986).

2. This Court also notes that Plaintiff has failed to plead that the matter in controversy exceeds $10,000, exclusive of interest and costs, as required by 28 U.S.C. § 1331(a). This defect also divests the Court of subject matter jurisdiction. Normally, the Court would grant Plaintiff a leave to amend the complaint to plead the requisite amount. However, the Court declines to do so here since the addition of Valjean has destroyed jurisdiction as well.

3. In addition, the legislative history reflects that Congress felt § 1447(e)'s approach was entirely consistent with the "flexibility built into the framework of rule 19(b)." Had § 1447(e) been drafted in such a manner that permitted joinder of a non-diverse party yet given a court discretion to retain jurisdiction, Congress acknowledged that such an enlargement of diversity jurisdiction would have encountered opposition. *See* H.R.Rep. No. 100–889, 100th Cong., 2d Sess., *reprinted in* 1988 U.S. CONG. & ADMIN. NEWS 5982, 6034.

4. Section 1447(e) is essentially a codification of *Hensgens, supra,* where the court stated that a district court *must* remand to state court if it permits an amendment adding a non-diverse party, and that indispensability was not the threshold factor with respect to whether a joinder is permitted. *Id.* at 1182.

dominate in this case. The high probability of multiple lawsuits militates strongly in favor of a remand in this case. Further, remand will not significantly prejudice Wecare, for had Plaintiff known of Valjean's involvement from day one, surely Valjean would have been named as an original defendant in state court. *See Acme Electric Corp., supra,* at 29. Simply put, joinder coupled with remand is much more appropriate under these facts than denial of joinder.

Accordingly, it is

ORDERED and ADJUDGED that:

(1) Plaintiff's motion to remand is GRANTED; and

(2) All other motions are DENIED without prejudice.

DONE and ORDERED.