738 F.Supp. 1269 (1990)
ST. LOUIS TRADE DIVERTERS, INC., et al., Plaintiffs,
v.
CONSTITUTION STATE INSURANCE COMPANY, Defendant.
No. 89-1556C(1).
United States District Court, E.D. Missouri, E.D.
June 7, 1990.
Russell Watters, Brown, James & Rabbitt, St. Louis, Mo., for plaintiffs.
Sanford Goffstein, St. Louis, Mo., Jefferson McConnaughey, McKenzie & McPhail, Atlanta, Ga., for Constitution State Ins. Co.
*1270 Edw. Meyer, Evans & Dixon, St. Louis, Mo., for Aljer Prop., Mankofsky and Schlicter.

MEMORANDUM
NANGLE, District Judge.
This matter is now before the Court on plaintiffs' motion for leave to file an amended complaint and a renewed motion to remand. This action was originally filed in the Circuit Court of the City of St. Louis, Missouri. Plaintiffs' original complaint included counts against Constitution State Insurance Company ("Constitution"), Continental American Agency, Inc. ("Continental"), Executive Premium Finance ("Executive Finance"), Boatman's First National Bank of Kansas City ("Boatman's") and Aljer Properties Partnership ("Aljer"). Plaintiffs and all defendants except Constitution are citizens of Missouri for the purposes of diversity. Nonetheless, Constitution removed this action from state court on the basis of diversity, alleging that plaintiffs' claim against Aljer was separate and independent from its other claims and that the remaining non-diverse defendants were fraudulently joined. This Court found that the claim against Aljer was, indeed, separate and independent and remanded said claim to state court. In addition, this Court found that insofar as plaintiffs failed to state cognizable claims against the remaining non-diverse defendants, said defendants had been fraudulently joined. Hence, the Court dismissed plaintiffs' claims against the remaining non-diverse defendants and denied plaintiffs' motion to remand with respect to said claims.
Only ten days after plaintiffs' motion to remand was denied, and new counsel entered their appearance on behalf of plaintiffs, plaintiffs moved to amend their complaint. Plaintiffs' proposed amended complaint includes the same vexatious refusal to pay claim against Constitution (Count I) as plaintiffs' original complaint. In addition, the proposed amended complaint includes negligence claims against defendants Continental (Count II), Executive Finance (Count III), Boatman's (Count IV) and Aljer (Count V), which arise from the same allegations of mismanagement of plaintiffs' insurance policy and premiums as were included in Counts II-IV of plaintiffs' original complaint. Plaintiffs' proposed amended complaint also charges Weinstein-Paramount Insurance Agency ("Weinstein"), which was not named as a defendant in plaintiffs' original complaint, with negligence in Count VI. Finally, Count VII of plaintiffs' proposed amended complaint alleges that defendants Constitution, Continental, Executive, Boatmen's and Weinstein made material misrepresentations with respect to the effective dates and validity of plaintiffs' insurance policy.
Section 1447(c) of Title 28 of the United States Code controls the remand of removed matters for lack of subject matter jurisdiction. In November of 1988, § 1447(c) was amended by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702 (1988). This amendment added a new subsection (e), which provides:
(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.
Prior to the addition of subsection (e), a split in the circuits existed as to whether a non-diverse party must be "indispensable" within the meaning of Rule 19(b) before that party could be joined and diversity destroyed. See Heininger v. Wecare Distributors, Inc., 706 F.Supp. 860, 861 (S.D. Fla.1989) (citing cases indicating different views among circuits). In considering the addition of subsection (e), Congress noted:
Proposed section 1447(e) is new. It takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of rule 19(b) full supports this approach. This provision also helps to identify the *1271 consequences that may follow removal of a case with unidentified fictitious defendants.
H.R.Rep. No. 889, 100th Cong., 2d Sess., reprinted in 1988 U.S. CODE CONG. & ADMIN. NEWS 5982, 6033. Courts that have been presented with the question of the effect of subsection (e) have relied heavily on this statement by Congress in concluding that non-diverse parties need not be "indispensable" before a court may allow joinder. Righetti v. Shell Oil Co., 711 F.Supp. 531 (N.D.Cal.1989); Heininger v. Wecare Distributors, Inc., 706 F.Supp. 860 (S.D. Fla.1989). Thus, rather than inquire as to whether a party is "indispensable", these Courts have focused on concerns such as those articulated by the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir.1987), to determine whether joinder would be "equitable".
This Court concurs in the decisions of the Righetti and Heininger courts with respect to their approach to determining when a non-diverse defendant can be added to defeat diversity in a removed case in light of § 1447(e). Thus, the appropriate inquiry in the instant case is not whether the non-diverse defendants that plaintiffs seek to add are "indispensable" within the meaning of 19(b). Rather, this Court will focus on:
[T]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.
Hensgens, 833 F.2d at 1182.
This Court notes that on October 30, 1989, plaintiffs' original counsel, attorney Surinsky, withdrew as counsel for plaintiffs. Surinsky had drafted plaintiffs' state court pleadings. On December 8, 1989, attorney Watters entered his appearance on behalf of plaintiff and requested an additional twenty-five days to file additional motions. On December 12, 1989, this Court denied plaintiffs' motion for remand because plaintiffs' rather vague claims against the non-diverse defendants failed to allege any actionable wrongdoing. Within ten days of this Court's order, attorney Watters filed the instant motion to amend and remand.
As a threshold matter, this Court cannot conclude that plaintiffs have been dilatory in filing their motion to amend. After plaintiffs obtained new counsel, a proposed amended complaint was filed within a matter of days. Furthermore, this Court cannot conclude that this amendment attempts to fraudulently join non-diverse parties solely for the purpose of defeating federal jurisdiction. Indeed, it appears more likely that plaintiffs seek to salvage what constituted the majority of claims in their original complaint, which were sacrificed due to "inartful pleading". Unlike plaintiffs' original complaint, plaintiffs' proposed amended complaint contains specific allegations of fraud and negligence against the non-diverse defendants. In light of these specific allegations, this Court cannot state with certainty that no cause of action lies against the proposed non-diverse defendants. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir.1983). Finally, this Court concludes that it would make little sense to require plaintiffs to try their single claim against Continental in a federal forum while as many as six other claims involving the same general transaction are tried in state court.
Accordingly, and for the foregoing reasons, plaintiffs' motion for leave to file an amended complaint will be granted. Furthermore, because said amendment will join non-diverse defendants, thereby violating the requirement of complete diversity, plaintiffs' renewed motion to remand will be granted and this matter will be remanded to the Circuit Court of the City of St. Louis, Missouri.