**Alberto Arroyo IRIZARRY d/b/a Marine Costa Azul, Plaintiff,**

v.

**MARINE POWERS INTERNATIONAL, et al., Defendants.**

Civ. No. 93–1490 (HL).

United States District Court, D. Puerto Rico.

Jan. 13, 1994.

Jose M. Biaggi–Junquera, Biaggi & Landron, Mayaguez, PR, for plaintiff.

Juan J. Martinez–Rodriguez, Eric A. Tulla, Omar Cancio–Martinez, Rivera, Tulla & Ferrer, Hato Rey, PR, for defendants.

## OPINION AND ORDER

LAFFITTE, District Judge.

This is an action for monetary damages under Puerto Rico's Dealer's Act, Law 75, 10 L.P.R.A. §§ 278–278d ("Law 75"). Original defendants include Marine Power International, Ltd. ("Marine Power"), its parent company Brunswick Corporation ("Brunswick") and several unidentified insurers. Presently before the Court is plaintiff's motion for leave to amend the complaint. The amended complaint seeks to join defendant, Monterrey Marine, Inc. ("Monterrey Marine") and alleges tortious interference with contract against Monterrey Marine. Also before the Court is plaintiff's related motion to remand. Marine Power opposes both motions. For the reasons set forth below, the Court grants plaintiff's motion to amend the complaint and to remand the case to the Superior Court of Puerto Rico.

## FACTS

Plaintiff commenced the instant Law 75 action in the Superior Court of Puerto Rico, Mayaquez Part on October 6, 1992. On March 26, 1993, Marine Power filed a petition for removal to this District Court. The basis for this Court's jurisdiction is diversity of citizenship.[1] A scheduling order was instituted and the parties were granted until December 15, 1993 to add claims and parties.

On October 29, 1993 plaintiff's new legal representative entered a formal appearance. Shortly thereafter, on November 5, 1993, plaintiff's counsel filed a timely motion to amend.

Plaintiff, Alberto Arroyo ("Arroyo") is the sole proprietor of "Marina Costa Azul," a Puerto Rico business engaged in the sale of vessels, outboard motors, and accessories. The amended complaint alleges that Marine Power contracted with plaintiff for an exclusive distributorship of Mariner outboard motors for the entire island of Puerto Rico. The amended complaint further alleges that Marine Power violated this exclusive dealership arrangement when it entered into an agreement with plaintiff's competitor, Monterrey Marine, also for the distribution of Mariner outboard motors.

Additionally, the amended complaint states a cause of action for tortious interference with contract and alleges that Monterrey Marine had knowledge of plaintiff's exclusive dealership agreement and intentionally interfered with plaintiff's exclusive dealership rights. Monterrey Marine is a Puerto Rican corporation whose presence in the action will defeat diversity jurisdiction.

## DISCUSSION

28 U.S.C. § 1447(e) governs the two issues before this Court. First, whether plaintiff should be granted leave to amend the complaint, thereby joining non-diverse defendant Monterrey Marine. Second, whether said amendment necessitates remand to state court. Section 1447(e) specifically controls not only whether joinder may be permitted but whether remand is mandatory once joinder is allowed. Section 1447(e) provides:

> if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

### Joinder of non-diverse party

Plaintiff's counsel's predominant arguments in both the motion to amend and the motion to remand are that amendment and remand are proper under a Rule 15 and Rule 19(b) indispensable party analysis. This Court instead applies 28 U.S.C. § 1447(e) to determine the motions before the court.

---

1. The original complaint also alleged a second cause of action against Jose Ovies and his wife Guillermina Ovies under 31 L.P.R.A. § 5141. In its motion to Amend, plaintiff seeks to substitute the cause of action against the Ovies for its cause of action for tortious interference with contract against Monterrey Marine.

Section 1447(e) was added on November 19, 1988 by the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702 (1988). Professors Wright and Miller state that § 1447(e) "gives the court more flexibility that a strict Rule 19 analysis does by not barring late permissible joinder and by not requiring dismissal following mandatory joinder of a necessary nondiverse defendant." 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3739.

In *Heininger v. Wecare Distributors, Inc.,* 706 F.Supp. 860, 861 (S.D.Fla.1989) the court opined that § 1447(e) "was added no doubt to reconcile different views among the circuits as to whether a non-diverse party need be indispensable within the meaning of Rule 19(b) before a court may allow joinder which would destroy diversity jurisdiction."

After analyzing the legislative history behind the section, the *Heininger* Court concluded that congress intended that a "nondiverse party need not be indispensable as defined by Fed.R.Civ.P. 19 in order for a district court to permit joinder and remand the action to state court." *Id.* at 862.

■ The legislative history does in fact support the determination that a party may be joined even if said party is not determined to be indispensable. The following comments were made by congress when considering the addition of subsection (e).

Proposed section 1447(e) is new. It takes advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. Joinder coupled with remand may be more attractive than either dismissal under civil rule 19(b) or denial of joinder. The flexibility built into the framework of Rule 19(b) fully supports this approach.

H.R.Rep. No. 100–889, 100th Cong., 2d Sess., *reprinted in* 1988 U.S.CONG. & ADMIN.NEWS 5982, 6033.

In the end, some type of determination regarding whether a party should be joined under § 1447(e) must ultimately be made. Virtually every court confronted with this issue has unanimously agreed that the statute compels a court to focus on whether joinder would be "equitable" instead of being based on whether a party is indispensable. *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987); *St. Louis Trade Diverters v. Constitution State,* 738 F.Supp. 1269, 1271 (E.D.Mo.1990); *Heininger,* 706 F.Supp. 860, 862; *Righetti v. Shell Oil Co.,* 711 F.Supp. 531 (N.D.Cal.1989).

In *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987) the Court tackled the issue of whether joinder of a non-diverse, non-indispensible party was proper. After noting the presence of opposing interests, the Court stated:

the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party. Instead, the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added.

*Id.* at 1182. While this case was decided prior to the amendment of § 1447, it is still useful. Furthermore, it has been cited and followed by numerous post amendment cases.

■ The factors generally considered by the Courts in this "equitable" analysis include: consideration of the original defendant's interest in the federal forum, the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has diligently sought amendment, whether plaintiff will be significantly injured if joinder is denied, and any other factor bearing on the equities. *See Hensgens,* 833 F.2d 1179, 1182; *St. Louis Trade Diverters,* 738 F.Supp. 1269, 1271.

Plaintiff fails to specifically address his argument in light of the balancing of equities analysis utilized by § 1447(e). Instead, plaintiff argues that amendment should be granted either pursuant to Rule 15 and the principle that leave to amend should be freely granted when justice so requires or pursuant to Rule 19(b) and plaintiff's contention that Monterrey Marine is an indispensable party. However, these arguments fail to address the specific concerns of the instant case.

■ First, as the preceding argument illustrates, in the instant case, a balancing of the equities analysis is clearly more appropriate for a determination of joinder than is an indispensable party analysis under Rule 19(b). Second, a Rule 15 analysis is not sufficient since the district court should scrutinize the amendment of a non-diverse party more closely than that of an ordinary amendment. *Hensgens,* 833 F.2d 1179, 1182; *Coley v. Dragon Ltd.,* 138 F.R.D. 460, 465 (E.D.Va. 1990). This heightened scrutiny is necessary. On one hand is the danger of parallel lawsuits in federal and state court spawning inconsistent results and on the other hand is the diverse defendant's interest in a federal forum. *Hieninger,* 706 F.Supp. 860, 862.

■ After weighing the equities in the instant case, the Court concludes that amendment is not only proper, but preferable. First, plaintiff sought to amend the complaint within the time period allotted by this Court's scheduling order. The Court's scheduling order set December 15, 1993 as the last date to add parties and claims. Plaintiff's motion to amend was filed on November 5, 1993, more than one month prior to the expiration date. Clearly, the Court cannot hold that the motion to amend was untimely.

Second, the Court cannot conclude that plaintiff has been dilatory in filing the motion to amend. After plaintiff obtained new counsel, an amended complaint was filed within a matter of days. *St. Louis Trade Diverters,* 738 F.Supp. 1269, 1271. Although defendant argues that this new action was known to plaintiff at the time of the original complaint's filing, the Court notes that it was plaintiff's original counsel, not plaintiff's present counsel who drafted the state court pleadings and who failed to initially allege a cause of action against Monterrey Marine for tortious interference. On October 29, 1993, plaintiff's present counsel entered a formal appearance. A mere seven days later, plaintiff's new counsel moved to amend. The amended complaint includes the same Law 75 claim as that filed in state court. In addition it alleges the tortious interference cause of action against Monterrey Marine.

Third, the Court finds that plaintiff's motion to amend is not an attempt to join a non-diverse party solely for the purpose of defeating federal jurisdiction and denial of joinder would not serve the interest of judicial economy. *Hensgens,* 833 F.2d 1179, 1182. Plaintiff's amended complaint properly alleges a cause of action against Monterrey Marine for tortious interference with contract. Furthermore, the amended complaint contains specific factual allegations of tortious interference against Monterrey Marine.

This cause of action was explicitly recognized by the Supreme Court of Puerto Rico in *General Office Products v. A.M. Capen's Sons,* 115 D.P.R. 553 (1984), Official Translation at 727. The cause of action for tortious interference is inextricably linked to plaintiff's original Law 75 claim and both claims should be heard together.

In *El Gran Video Club Corp. v. E.T.D. Inc.,* 757 F.Supp. 151, 155 (D.P.R.1991) defendant removed plaintiff's Law 75 claim and vaguely plead tortious interference claim against a non-diverse party to federal court. Plaintiff moved for an order of remand and defendant countered that the non-diverse defendant had been fraudulently joined. In concluding that plaintiff's Law 75 and tortious interference claims should both be remanded, the Court stated:

> E.T.D.'s alleged violation of Law 75 and Juarbe's alleged tortious interference visited the same wrong or harm upon the plaintiff. Both causes of action arise out of the cancellation of the same contract. Section 1441(c) affords the defendant no instrument to avoid remand.

While *El Gran Video* did not specifically address whether the tortious interference claim should be added, the opinion clearly illustrates that an amendment, resulting in these two claims being heard together, would be proper. *Id.* at 154–55.

The consequence of having both Marine Power and Monterrey Marine as parties to this action will promote the efficient use of judicial resources, especially since there is a significant lack of federal interest in deciding the state law issues of Law 75 and tortious interference with contract. *Heininger,* 706 F.Supp. 860, 863. It will also close the possi-

bility of inconsistent federal and state court judgements. *Coley*, 138 F.R.D. 460, 465

Defendant, Marine Power alleges that plaintiff will not be prejudiced and that plaintiff is trying to divest the court of jurisdiction. Marine Power has not advanced any arguments which persuade the Court to adopt these general statements. First, Marine Power's charges are unqualified. Moreover, Marine Power's factual argument regarding the timing of plaintiff's filing of the amended complaint is lacking. *Jarriel v. General Motors Corp.*, 835 F.Supp. 639, 642 (N.D.Ga.1993) (defendant's sole evidence that plaintiff's motive for adding defendant was to avoid federal jurisdiction was insufficient, where evidence consisted only of plaintiff's timing in filing motion to amend.)

Therefore, after balancing the equities of the circumstances in the present case, pursuant to § 1447(e), the court concludes that leave to amend should be granted.

### Mandatory Remand

■ As stated above, § 1447(e) is concerned with post-removal developments, specifically that of adding a non-diverse party. This particular scenario is unique. For where most post-removal developments, such as reduction of the jurisdictional amount or changes in a parties' citizenship, will not necessarily divest the court of jurisdiction, joining a non-diverse defendant under § 1447(e) compels remand. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181.

However, remand has not always been required. Prior to 1989, the general rule was that where a district court permitted joinder of a non-diverse party, the case should have, but did not have to be remanded. *Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir.1993).

In *Yniques*, the ninth circuit concluded that once a court permits joinder of a non-diverse party pursuant to § 1447(e), the court's only option is to remand the case to state court.[2] *Id.* at 1036; *See also St. Louis Trade Diverters*, 738 F.Supp. 1269, 1271;

---

2. The ninth circuit is the first circuit court to rule on this question. *But See Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir.1991) cert. denied, —— U.S. ——, 112 S.Ct. 274, 116 L.Ed.2d

*Heininger*, 706 F.Supp. 860, 862; *Righetti*, 711 F.Supp. 531; H.R.Rep. No. 100–889, 100th Cong., 2d Sess., *reprinted in* 1988 U.S.CONG. & ADMIN.NEWS 5982, 6034.

The Court finds the *Yniques* opinion persuasive. Accordingly, Marine Power's opposition shall be denied.

WHEREFORE, the Court hereby **grants** both plaintiff's motion to amend the complaint to join non-diverse Monterrey Marine and plaintiff's motion to remand.

**IT IS SO ORDERED.**

226 (1991) (stating that § 1447(e) requires remand when the district court adds a nondiverse party).