**Lynn MARSHALL, Individually as Personal Representative of the Estate of Kevin Morgan, Deceased, Plaintiff,**

**v.**

**NAVISTAR INTERNATIONAL TRANSPORTATION CORP., a Delaware Corporation, Being Sued Herein as International Tractor Incorporated; and Heil Tankers, Inc., Jointly and Severally, Defendants.**

No. 96–40209.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 4, 1996.

Anthony S. Spokojny, Bain & Bain, Farmington Hills, MI, for MI Dept. of Transp.

John M. Simmerer, Richard G. Ward, Sullivan, Ward, Bone, Tyler & Asher, P.C., Southfield, MI, for Heil Tankers Inc.

Joseph H. Hickey, Craig L. John, Dykema Gossett PLLC, Bloomfield Hills, MI, for Navistar Intern. Transp.

Geoffrey N. Fieger, Fieger, Fieger & Schwartz, Southfield, MI, for Lynn Marshall.

## ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF ACTION OR REMAND FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

GADOLA, District Judge.

Plaintiff, Lynn Marshall, as personal representative for the estate of Kevin Morgan ("Morgan"), filed this negligence and breach of warranty action in Wayne County Circuit Court against defendants, Navistar International Transportation Corporation ("Navistar") and Heil Tankers, Incorporated ("Heil"). The suit was removed to this court

on June 7, 1996. On July 18, 1996, Marshall filed a motion for dismissal or, in the alternative, remand to state court for failing to join an indispensable party. For the following reasons, this court will deny Marshall's motion.

## I.  FACTS

On April 5, 1995, Morgan allegedly collided with a guardrail while operating a gasoline tanker at the freeway interchange ramp connecting Interstate 94–East to Interstate 75–North in Detroit, Michigan. The collision allegedly precipitated an explosion, from which Morgan failed to escape and as a result, died.

Morgan's personal representative, Marshall, brought an action against the Wayne County Road Commission ("Road Commission"), the Michigan Department of Transportation ("MDOT"), Navistar and Heil in Wayne County Circuit Court on November 8, 1995. Marshall never served Navistar or Heil in that action.

On January 29, 1996, the Wayne County Circuit Court dismissed Marshall's claims against MDOT without prejudice, enabling Marshall to refile her action in the Michigan Court of Claims.[1] Approximately one month later, on February 20, 1996, Marshall properly filed suit against MDOT in the Court of Claims.

The Court of Claims consolidated the MDOT action with the Road Commission action on April 3, 1996 and transferred the case back to Wayne County Circuit Court. On April 22, 1996, Marshall voluntarily dismissed the Road Commission from the lawsuit, as the Road Commission had no jurisdiction over the road where the alleged accident occurred.

On the same day that the Court of Claims consolidated the MDOT and Road Commission actions, Marshall filed the instant case against Navistar and Heil in Wayne County Circuit Court. The action was removed to this court on June 6, 1996.

To date, Marshall maintains two actions arising out of the alleged highway collision. The first action is pending in Wayne County Circuit Court against MDOT. The second action is pending in this court against Navistar and Heil. Consequently, Marshall moved this court to dismiss the instant action pursuant to Federal Rule of Civil Procedure 19(b), or in the alternative, remand the action to Wayne County Circuit Court, arguing that MDOT is an indispensable party. Both parties stipulate that MDOT cannot be joined in the instant action because it would destroy diversity, and thus divest this court of subject-matter jurisdiction.

## II.  LEGAL ANALYSIS

### 1.  This Case Should Not Be Dismissed Pursuant to Rule 19

Marshall moves to dismiss this action, arguing that an indispensable party has not been joined. Federal Rule of Civil Procedure 19 provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed

---

1. Michigan law mandates that all claims against the State of Michigan, including claims against MDOT, be filed in the Michigan Court of Claims.

among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ Indeed, Rule 19 analysis is a two-step process. First, the court must determine whether the person whose joinder is requested is "necessary" under Rule 19(a). In order to be necessary, the person must meet only one of the requirements listed in Rule 19(a). If found to be necessary, the court must then determine whether, under Rule 19(b), the person is "indispensable," i.e., whether the present proceedings may, in equity and good conscience, continue without the necessary person. *United States v. Masonry Contractors Ass'n of Memphis,* 497 F.2d 871, 875 (6th Cir.1974).

### 2. MDOT Is Not A Necessary Party under 19(a)

■ Marshall has failed to demonstrate that MDOT is a necessary party pursuant to Rule 19(a)(1), or (2)(i) or (2)(ii). As Marshall has languished in her attempt to establish MDOT is a necessary party under 19(a), which is a prerequisite to demonstrating

2. Morgan does not advance any argument in her brief which directly cites to 19(a). Morgan seemingly overlooks the first crucial step to dismissal under 19(b), which is establishing a party is necessary under 19(a). Nonetheless, language in one of Morgan's arguments in her brief (e.g. Morgan and MDOT will be subject to inconsistent liability if the instant action is not dismissed) somewhat parallels the language in Rule 19(a)(2)(ii) (e.g. "double, multiple or otherwise inconsistent obligations"). Thus, this court will consider Morgan's argument as an argument in support of MDOT's status as a necessary party under Rule 19(a)(2)(ii). It should be further noted that, at the September 25, 1996 hearing on this matter, Morgan did not elucidate any additional argument in favor of her position that

MDOT is an indispensable party under 19(b), her motion to dismiss must fail.

The crux of Marshall's argument that MDOT is a necessary party is that Marshall will be prejudiced by having to litigate in two forums. Marshall contends that if the parties are not joined, then Marshall and MDOT will be subject to repeated litigation and possible inconsistent liability.[2]

■ Marshall's assertion that MDOT is necessary because Marshall will be exposed to repeated litigation and possible inconsistent liability if the MDOT action and this action are not joined, is erroneous. Marshall's reasoning ignores the explicit language of Rule 19(a)(2)(ii). The rule is concerned with "leaving any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." While it is true that Marshall may be subject to inconsistent *verdicts* in the state and federal action, she is not exposed to inconsistent *obligations,* as the term is used in Rule 19(a)(2)(ii). In fact, Marshall, the plaintiff, is not subject to *any* obligation at all in either action,[3] but rather it is the defendants that are subject to a possible obligation in this lawsuit. Essentially, Marshall is protesting her current situation, which involves fighting on two fronts and she strives to combine the actions against MDOT, Navistar and Heil, in an effort to consolidate litigation to one front.[4] Rule 19(a) is more than a rule of convenience and pragmatism; the rule applies only in situations necessitating joinder.

MDOT is necessary, aside from her contention that she would be prejudiced from litigating in two forums and it would be more practical to have the case heard in one forum.

3. There are no counter-claims asserted against Marshall in this action.

4. Marshall maintains that if the instant federal action is dismissed, then the Wayne County Circuit Court case against Navistar and Heil will be reinstated. Ideally, for Marshall, the instant action would then be joined with the MDOT action, and she would need only to try her case in one forum.

This court also finds that even if the MDOT action is consolidated with the Navistar and Heil action, Marshall will still have to litigate two entirely different cases, albeit in one court. Marshall's suit against MDOT alleges failure to maintain the road where the accident allegedly occurred. In contrast, Marshall is suing Navistar and Heil for under various products liability theories (e.g. design defect, warning defect and breach of warranty). Undoubtedly, judicial economy would not be furthered to a great extent by joining this action with the pending state court action against MDOT.

Marshall's argument that MDOT is a necessary party because it is currently subject to inconsistent liability is likewise wide of the mark. Marshall's apparent position is that the fact-finder in the instant action may assess liability against Navistar and Heil, who in turn will file a suit for contribution against MDOT. In the subsequent lawsuit for contribution, the fact-finder may apportion liability between MDOT and Navistar and Heil differently than a fact-finder in this suit.

Once again, Marshall disregards the clear language of Rule 19(a)(2)(ii). The rule is addressed to *persons already parties* and MDOT is not a person already a party. Even assuming, arguendo, that MDOT was a party to the instant action, Marshall's argument fails for another reason. Joint and several tortfeasors are not necessary parties under Rule 19. The Advisory Committee Notes to Rule 19 point out that "a tortfeasor with the usual 'joint-and-several liability' is merely a permissive party to an action against another with like liability." While MDOT may be subject to a substantial risk of inconsistent *judgments*, it will not be subject to a substantial risk of double, multiple, or inconsistent *obligations*. *Intercept Security Corporation v. Code–Alarm, Inc.*, 164 F.R.D. 215 (E.D.Mich.1995) (joint and several tortfeasor is not subject to inconsistent obligations, and thus is not a necessary party).

5. Marshall's position that MDOT is a necessary party is further belied by the fact that MDOT, itself, is impartial as to whether the two actions should be joined. At the hearing on this motion,

It is true that "the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility he shares with another." *Provident Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). Nonetheless, it takes more than the impending hazard of such a predicament to make a party necessary under Rule 19(a)(2)(ii). *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399 (3rd Cir.1993) (holding that absent party was not necessary even though potentially liable for contribution).

*Janney* states:

> the possibility that [defendant] may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

*Janney*, 11 F.3d at 412. *Bedel v. Thompson*, 103 F.R.D. 78 (S.D.Ohio 1984), referring to a different apportionment of liability by a second fact-finder in a suit for contribution states:

> [A] determination in the [suit for contribution] of no liability on the part of the absent person would impose no "obligation" on the defendant, but rather would be an adjudication concerning the obligations of [the absent person]. Even though the results of the above scenario might be, to a certain extent, logically inconsistent, Rule 19 does not speak of inconsistent "results." Rather, it speaks of inconsistent "obligations."

Since Marshall has not established that MDOT is a necessary party under 19(a), which is a prerequisite to establishing that MDOT is an indispensable party under 19(b), Marshall's motion must be denied.[5]

MDOT made a special appearance for the limited purpose of addressing any questions that this court had concerning the MDOT state action. At the hearing, MDOT was unequivocal in that it

### 3. 19(b)

Assuming arguendo, that Marshall had satisfied her burden of establishing MDOT as a necessary party under 19(a), the court finds that MDOT is not indispensable under 19(b).[6] The court must give thought to four factors when deciding whether "in equity and good conscience" a party is indispensable under 19(b), and whether the case should be dismissed accordingly.

The first factor is whether a judgment rendered in the party's absence will be prejudicial to those already parties. As aforementioned, Marshall argues that a judgment rendered in MDOT's absence will be prejudicial because Marshall and MDOT will incur repeated litigation and possible inconsistent liability. Navistar and Heil respond that there will be no prejudice because the action against MDOT is different from the action against Navistar and Heil, in that the former action focuses on possible road and ramp defects while the latter focuses on possible product defects. Navistar and Heil point to another distinction between the two actions—the MDOT action requires a judge to be a fact-finder (*See* M.C.L. § 600.6421) while the Navistar–Heil action is a jury trial. Additionally, Navistar and Heil contend that any prejudice Marshall claims to be visited upon her, was self-inflicted. Navistar and Heil submit that Marshall could easily have avoided a two-front litigation, by serving Navistar and Heil in the original case filed in Wayne County Circuit Court in November, 1995.[7] Navistar and Heil maintain that Marshall is engaged in an exercise of forum-shopping.

This court finds that Marshall and MDOT will not be prejudiced if the Navistar–Heil action is not dismissed. Aside from the fact that the MDOT and Navistar–Heil actions stem from the same alleged highway accident, the two actions are significantly different. The issue in the MDOT action is whether the road was defective, while the issue in the instant action is whether the products were defective. Furthermore, the cases require distinct fact-finders. Moreover, the court is suspicious as to the alleged difficulties Marshall encountered in serving Navistar and Heil.

The second factor to consider is whether the court can lessen any prejudice from proceeding without the absent party, in this case, MDOT. As this court finds no prejudice, it is unnecessary to determine if prejudice could be lessened.[8]

The third factor a court should consider is whether a judgment rendered in the person's absence would be adequate. Marshall does not assert that a judgment rendered in MDOT's absence would be inadequate.[9]

The fourth factor a court should take into account in the determination of a party's indispensability is whether the plaintiff will have an adequate remedy if the action is dismissed. Marshall concedes that she has such a remedy. Although Marshall will have

---

took no position on whether MDOT was a necessary and indispensable party. MDOT's apathy regarding Marshall's motion to dismiss for failing to join MDOT gives credence to this court's conclusion that MDOT is not a necessary party. If MDOT perceived itself a necessary party, it would have promoted Marshall's motion.

**6.** It is well-established that a joint-and-several tortfeasor is not "indispensable." *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir.1983).

**7.** Marshall defends her failure to serve Navistar and Heil in the first state action on the grounds that she encountered difficulties locating Navistar and Heil. In response, Navistar and Heil argue that an effortless search utilizing the phone and a phone book, would have revealed the proper names of Navistar and Heil.

**8.** Assuming, arguendo, that prejudice did exist, this court finds Navistar and Heil's argument that such prejudice could be alleviated through the application of the Michigan Products Liability Act persuasive. Under the Michigan Products Liability Act, liability must be apportioned against *all* persons, whether or not a party to the suit. Therefore, the liability of MDOT will be taken into account in the Navistar and Heil action, thus alleviating prejudice to Navistar and Heil resulting from MDOT's absence.

**9.** It should be noted that a motion to dismiss for failing to join an indispensable party is typically brought by the defendant. This case is odd in that the plaintiff, Marshall, has brought this motion. The third factor in Rule 19(b) analysis, is a more appropriate consideration if the defendant brings the motion to dismiss for failing to join an indispensable party.

**612**

such a remedy, this court finds that Marshall will have an equally adequate remedy if the instant action is maintained.

In sum, the four factors set out at Rule 19(b) weigh heavily in Navistar and Heil's favor. Thus, this court finds that MDOT is not indispensable.

### 4. This Case Should Not be Remanded Pursuant to 28 U.S.C. § 1441.

■ In support of her posture that this case be remanded, Marshall relies on 28 U.S.C. § 1441(c) of the United States Code. Marshall avers that § 1441(c) cloaks this court with authority to remand the action.

28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Marshall's reliance on § 1441(c) is entirely misplaced. As Navistar and Heil correctly point out, § 1441(c) pertains only to federal question cases (28 U.S.C. § 1331 cases), not diversity cases (28 U.S.C. § 1332 cases). This action is a diversity case.

In addition to § 1441(c), Marshall cites to the case of *Irizarry v. Marine Powers Intern*, to support her position. 153 F.R.D. 12 (D.Puerto Rico 1994). In that case, the plaintiff, Albert Arroyo ("Arroyo"), a distributor, brought an action in state court against a manufacturer, Marine Power, for breach of an exclusive distributorship agreement. Arroyo alleged that Marine Power violated the exclusive dealership arrangement by contracting with Arroyo's competitor, Monterrey Marine. This diversity action was then removed to federal court. After removal, plaintiff secured new counsel, who moved to add Monterrey Marine, however, joinder of Monterrey Marine would destroy diversity jurisdiction.

■ The court analyzed this case under 28 U.S.C. § 1447(e). 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." § 1447(e) is more flexible than the Rule 19 tests of necessity and indispensability. *Wyant v. National R.R. Passenger Corp.*, 881 F.Supp. 919 (D.C.N.Y.1995). Yet, similar to the analysis under Rule 19(b), analysis under § 1447(e) involves a balancing of the equities. *Jarriel v. General Motors Corp.*, 835 F.Supp. 639 (D.Ga.1993).

Marshall's dependence on *Irizarry* is misguided. First, in *Irizarry*, plaintiff moved to amend his complaint to join parties. In the instant case, Marshall is not moving to join MDOT, but rather is seeking only to remand the case. This case is also different from *Irizarry* because the balance of the equities weighed in favor of joinder and remand in *Irizarry*, whereas the balance of the equities would not weigh in favor of joinder and remand in the instant case. *See Irizarry*, 153 F.R.D. 12 (the amendment was timely sought after new counsel arrived on the scene and it was not for the purpose of destroying jurisdiction). *Compare Buttons v. National Broadcasting Co.*, 858 F.Supp. 1025 (D.C.Cal.1994) (joinder denied when purpose of adding nondiverse defendants was "highly questionable" and "primary motive" was to destroy diversity and defeat removal).

### ORDER

Therefore, it is hereby **ORDERED** that plaintiff's motion to dismiss for failing to join an indispensable party is **DENIED.**

It is further **ORDERED** that plaintiff's motion to remand is **DENIED.**

**SO ORDERED.**