**INTER AMERICAN BUILDERS AGENCIES CO., INC.,**
**Plaintiff,**

v.

**STA–RITE INDUSTRIES, INC., et al., Defendants.**

**Civil No. 08–1274 (PG).**

United States District Court,
D. Puerto Rico.

Feb. 19, 2009.

---

Raul Gonzalez–Toro, Raul Gonzalez Toro Law Office, San Juan, PR, for Plaintiff.

Amelia Caicedo–Santiago, Rafael Escalera–Rodriguez, Reichard & Escalera, San Juan, PR, for Defendants.

### OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Before the Court now is plaintiff Inter American Builders Agencies, Co., Inc.'s (hereinafter "Plaintiff" or "Inter American") motion to amend complaint and request for remand (Docket No. 16) and defendant Sta–Rite Industries Inc.'s (hereinafter "Defendant" or "Sta–Rite") opposition (Docket No. 18) thereto. After a careful review of the parties' motions and the applicable law, this Court finds that Plaintiff's motion to amend and remand should be **GRANTED.**

### I. BACKGROUND

Plaintiff commenced the instant action in the Court of First Instance of Puerto Rico, Carolina Superior Part on February 21, 2008. Incorporated in Puerto Rico, Inter American sells and distributes industrial equipment, parts and other materials. According to the allegations in the complaint, Plaintiff entered into an agreement with Sta–Rite in early 2002 whereby it became Sta–Rite's exclusive sales representative in Puerto Rico. *See* Docket No. 1–6. Sta–Rite is a Wisconsin corporation with its principal place of business in Wisconsin. In the complaint, Inter American alleges

that Sta–Rite deprived Plaintiff of its exclusive representation rights without just cause in violation of P.R. LAWS ANN. tit. 10, §§ 278–278d, (commonly known and referred to hereinafter as "Law 75").

The initial complaint also alleges a cause of action for tortious interference. Plaintiff alleges that some unknown fictitious co-defendants, with knowledge of the contractual relationship between Inter American and Sta–Rite, tortiously interfered with its contract with Sta–Rite.

On March 6, 2008, Sta–Rite filed a petition for removal to this District Court invoking its diversity jurisdiction. Shortly after removal, on April 7, 2008, the Plaintiff moved to amend the complaint and replace one of the unknown defendants with Fuell's Inc., a corporation organized under the laws of the Commonwealth of Puerto Rico and with principal place of business in Puerto Rico. *See* Docket No. 16. According to Plaintiff, this third party tortiously interfered with the exclusive representation contractual relationship between Sta–Rite and Inter American, conspired with Sta–Rite to terminate Inter American's representation of Sta–Rite's products, and acquired the representation of one of Sta–Rite product lines (Flotec) in the territory of Puerto Rico. *See id.* Because complete diversity of citizenship between the parties would be thus destroyed, the Plaintiff also moves for the case to be remanded to state court. The Plaintiff also requests the payment costs, expenses and attorney fees pursuant to 28 U.S.C.A. § 1447(c).

In its opposition, the Defendant contends that the Plaintiff only seeks to destroy diversity jurisdiction by joining a nondiverse co-defendant. *See* Docket No. 18. The Defendant also argues that because the party Plaintiff seeks to join is a joint tortfeasor, and thus, a dispensable party, this Court has the option to deny joinder and continue with the case.[1] *See id.*

## II. DISCUSSION

"The district courts of the United States are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *See In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir.2007) (*citing Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).

> In 28 U.S.C. § 1332, the sole basis for jurisdiction in this case, Congress bestowed upon the district courts original jurisdiction in civil actions between citizens of different states. The diversity requirement of § 1332 must be complete. In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.

*In re Olympic Mills Corp.*, 477 F.3d at 6 (internal citation omitted).

The complete diversity rule "is most inflexibly applied at the time of filing, for it has long been settled that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Id.* at 7. Notwithstanding, "[t]he postfiling context is more elastic." *Id.* As a general matter, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (internal citations omitted). "There are exceptions, however: the postfiling introduction of a nondiverse party may, in certain circum-

---

**1.** The Defendant's discussion of the merits of Plaintiff's case in its opposition is irrelevant for the purposes of this Opinion and Order, and will be thus disregarded.

stances, spoil the jurisdiction that obtained when the suit commenced." *In re Olympic Mills Corp.*, 477 F.3d at 7 (internal citations omitted).

"As part of the Judicial Improvements and Access to Justice Act of 1988, Pub.L. No. 100–702, 102 Stat. 4669 (1988), Congress enacted 28 U.S.C. § 1447(e) (1988)...." *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir.1994). Notwithstanding the general rule, Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). "Although this provision relates expressly to joinder, the legislative history to the Judicial Improvements and Access to Justice Act of 1988 indicates that § 1447(e) applies also to the identification of fictitious defendants after removal." *Casas Office Machines, Inc.*, 42 F.3d at 674.

"Federal courts and commentators have concluded that, under § 1447(e), the joinder or substitution of nondiverse defendants after removal destroys diversity jurisdiction, regardless whether such defendants are dispensable or indispensable to the action." *Id.* However, "[t]his is not to say that it is unimportant whether a nondiverse defendant whom a plaintiff seeks to join or substitute after removal is dispensable or indispensable to the action." *Id.* at 675.

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to FED.R.CIV. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e).... If, on the other hand, the defendant is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.

*Id.* (internal citations omitted).

 In the case at hand, Inter American alleges Fuell's Inc. is a joint tortfeasor. See Docket No. 1–6 at page 14. Where as here, defendants here alleged to be joint tortfeasors, they are jointly and severally liable and are thus dispensable parties. *See Casas Office Machines, Inc.*, 42 F.3d at 677 ("It is well-established that joint tortfeasors and co-conspirators are generally not indispensable parties."). Accordingly, Section 1447(e), and not Rule 19 of the Federal Rules of Civil Procedure, governs the issue now before the Court.

Withal, the fact that Fuell's Inc. is a dispensable party "does not, in and of itself, compel [its] dismissal." *Id.*, 42 F.3d at 677. "Virtually every court confronted with this issue has unanimously agreed that the statute compels a court to focus on whether joinder would be 'equitable' instead of being based on whether a party is indispensable." *Irizarry v. Marine Powers Intern.*, 153 F.R.D. 12 (D.P.R. 1994) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987); *St. Louis Trade Diverters v. Constitution State*, 738 F.Supp. 1269, 1271 (E.D.Mo.1990); *Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862 (S.D.Fla.1989); *Righetti v. Shell Oil Co.*, 711 F.Supp. 531 (N.D.Cal. 1989)). "[A] district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added." *Hensgens*, 833 F.2d at 1182.

"Justice requires that the district court consider a number of factors to balance the original defendant's interest in maintaining the federal forum with the competing interests of not having parallel law-

suits." *Hernandez v. Raytheon Service Co. Puerto Rico,* Civil No. 05–1937, 2006 WL 1737167, at *3 (D.P.R. April 27, 2006) (*citing Hensgens,* 833 F.2d at 1182). "For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens,* 833 F.2d at 1182.

"In evaluating whether Plaintiff's motivation in moving to amend is primarily to defeat federal jurisdiction, the Court may consider the extent to which such a motivation is evinced through the circumstances of the case." *Kelley v. Vermont Mut. Ins. Co.,* 407 F.Supp.2d 301, 306 (D.Mass.,2005) (internal citations omitted). The fact that the Plaintiff added a cause of action for tortious interference against an unknown fictitious defendant in its **original** complaint "militates against a finding that [P]laintiff's sole purpose in amending [its] complaint would be to destroy diversity." *Hernandez,* 2006 WL 1737167 at *4. As stated in *Irizarry*—where this Court faced an identical difficulty—, "[t]his cause of action [for tortious interference] was explicitly recognized by the Supreme Court of Puerto Rico in *General Office Products v. A.M. Capen's Sons,* 115 [P.R. Dec] 553 (1984), . . . . The cause of action for tortious interference is inextricably linked to plaintiff's original Law 75 claim and both claims should be heard together." *Irizarry,* 153 F.R.D. at 15. .

■ The next equitable factor for this Court to consider is whether Plaintiff has diligently sought this amendment. "In analyzing whether a plaintiff has been dilatory in seeking an amendment, district courts often look to the amount of time that has passed between the filing of the original complaint and the amendment and the amount of time between the removal and the amendment." *Hernandez,* 2006 WL 1737167 at *4. As discussed in the previous section, Plaintiff filed the original complaint in state court on February 21, 2008; the case was removed to federal court on March 6, 2008; and, Plaintiff moved to amend the complaint and remand on April 7, 2008, that is, less than two months after the original complaint was filed and a month after removal. Accordingly, this Court cannot conclude that Plaintiff has been dilatory in moving to amend the complaint.

■ Finally, the Court must consider whether Plaintiff will be significantly injured if amendment is not allowed. The Court finds that it will. Denying the amendment and thus the remand would impose a significant financial burden on Plaintiff if it were to be forced to ligate its Law 75 claim in one forum and its related tortious interference claim in another. Principles of judicial inefficiency and the danger of conflicting results move this Court to disfavor parallel federal and state actions when considering the present request to remand. *See Kelley,* 407 F.Supp.2d at 308–309. As stated by this Court in *Irizarry,* the consequence of having both Sta–Rite and Fuell's Inc. as parties to this action "will promote the efficient use of judicial resources, especially since there is a significant lack of federal interest in deciding the state law issues of Law 75 and tortious interference with contract. . . . It will also close the possibility of inconsistent federal and state court judgements." *Irizarry,* 153 F.R.D. at 15–16 (internal citations omitted).

Consequently, after considering the relevant equitable factors in the instant case, "the Court concludes that amendment is not only proper, but preferable." *Id.* at 15.

## III. CONCLUSION

In light of the foregoing, this Court finds that the balance of interests weighs in favor of allowing Plaintiff to amend its complaint. Following the joinder of a non-diverse party to a case based on complete diversity, the Court is compelled to grant Inter American's request to remand the action to state court. Accordingly, Plaintiff's motion to amend complaint and remand to state court (Docket No. 16) is thus **GRANTED.** However, Plaintiff's request for the payment of costs, expenses and attorney fees pursuant to 28 U.S.C.A. § 1447(c) is hereby denied.

The Clerk of Court shall enter judgment remanding the action to the Court of First Instance of Puerto Rico, Carolina Superior Part.

**IT IS SO ORDERED.**