Paulette WELLS, Plaintiff,

v.

**CERTAINTEED CORPORATION,**
d/b/a Wolverine Technologies,
Defendant.

No. 96–CV–74903–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 10, 1997.

David J. Cooper, Loretta Willey, Tecumseh, MI, for plaintiff.

John F. Brady, Connie M. Cessante, Detroit, MI, for defendant.

### OPINION

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion for leave to add a party defendant and remand this action to the state circuit court.

Plaintiff filed this action on September 27, 1996, in the Circuit Court for the County of Jackson, Michigan, alleging that defendant Certainteed Corporation, d/b/a/ Wolverine Technologies, terminated her in retaliation for filing a worker's compensation claim, contrary to public policy and in violation of M.C.L. § 418.301(11). Plaintiff also alleges that she was terminated because of a handicap in violation of Michigan Handicappers' Civil Rights Act, M.C.L. § 37.1101, *et. seq.*

On October 24, 1996, defendant, removed the case to this Court on the basis of diversity of citizenship.

On November 20, 1996, plaintiff filed this motion seeking permission to add defendant's human resource manager, Andrew Epstein, a resident of Michigan, as a defendant. Because the addition of Mr. Epstein as a defendant will destroy diversity, plaintiff also asks to have this action remanded to the Jackson County Circuit Court.

Defendant opposes the adding of Epstein as a party defendant, asserting that the addition of Epstein as a defendant is solely for the purpose of defeating this Court's jurisdiction.[1]

28 U.S.C. § 1447(e) provides:

If after removal, the plaintiff seeks to join additional defendants whose joinder would

---

1. Defendant does not argue with plaintiff's asserted basis for adding Epstein, i.e., that under Michigan law, plaintiff may assert an action against an agent of the corporation for violation of Michigan Handicapper's Civil Rights Act.

destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court.

■ By enacting this section, Congress has given the Court two options: either deny the joinder, or grant it and remand the case. The Court's decision is discretionary, and it must take into account the original defendant's interest in its choice of forum. *O'Connor v. Automobile Ins. Co. of Hartford, Conn.,* 846 F.Supp. 39, 41 (E.D.Tex.1994). *See also Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987).

In *Hensgens,* the court set forth some factors that a court should consider in exercising its discretion as to whether to add a non-diverse party which would destroy subject matter jurisdiction: [2]

> For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.

833 F.2d at 1182.

Applying these factors, the Court does not believe that plaintiff's motion to add a non-diverse defendant should be granted. Plaintiff has asserted no reason why Epstein was not named as a defendant in the original action. Plaintiff's proposed amended complaint asserts that she was terminated on November 30, 1995, and that defendant Epstein was "responsible for making personnel decisions." Plaintiff was therefore aware of Epstein's alleged involvement when she filed the complaint in September, 1996. She chose, at that time, not to include him as a defendant. It was only *after* defendant removed the case to federal court, that she sought to add him as a defendant. The case having been properly removed to this Court, the Court should not ignore defendant's decision to have this case heard in this forum.

This Court believes that plaintiff's sole reason for seeking to add Epstein as a defendant, at this time, is to defeat jurisdiction.

■ In exercising its discretion, the Court also considers whether plaintiff will be "significantly injured" if the amendment is not allowed. In this case, defendant has acknowledged that it will be liable for "those retaliatory and/or discriminatory acts by Mr. Epstein arising out of the scope of his employment and that ... plaintiff will not suffer prejudice as she will be able to obtain complete relief in Mr. Epstein's absence." (Def.'s Resp. to Pl.'s Mot. at 9.) The Court is therefore satisfied that plaintiff will suffer no prejudice if Epstein is not added as a defendant.

This Court, exercising its discretion pursuant to 28 U.S.C. § 1447(e) denies plaintiff's motion for leave to add a defendant because this Court is satisfied that such amendment is sought primarily, if not exclusively, for the purpose of defeating federal jurisdiction and that plaintiff will suffer no prejudice if such motion is denied.

---

2. Although *Hensgens* was decided before the addition of subdivision (e) to 28 U.S.C. § 1447 on November 19, 1988, this Court believes that it is appropriate to apply the *Hensgens* factors because the *Hensgens* court addressed the exact issue that is presently before this Court, i.e., the manner in which a court should exercise its discretion with regard to the joinder of a non-diverse defendant.