**ALPERS JOBBING COMPANY, INC., Plaintiff,**

v.

**NORTHLAND CASUALTY COMPANY, Defendant.**

No. 4:97CV0892 TCM.

United States District Court, E.D. Missouri, Eastern Division.

July 14, 1997.

Scott Schonbrun, Clayton, MO, for Plaintiff.

Robert W. Cockerham, Brown & James, St. Louis, MO, for Defendant.

### *MEMORANDUM AND ORDER*

MUMMERT, United States Magistrate Judge.

This insurance dispute is before the Court[1] on the amended motion of Alpers Jobbing Company, Inc. ("Plaintiff") to remand this case to state court or, in the alternative, to dismiss the removal petition.[2] [Doc. 8]

### *Background*

Plaintiff, a Missouri corporation, owns a warehouse at 1201 Cass Avenue in the City of St. Louis, State of Missouri. (Comp. at ¶ 5.) On October 6, 1996, the warehouse was extensively damaged as a result of a fire in a nearby abandoned building. (*Id.* at ¶ 6.) The warehouse was, at that time, insured under a policy issued by Northland Casualty Company ("Defendant"), a Minnesota corporation. (*Id.* at ¶¶ 2, 5.)

Alleging that Defendant was placing an undue burden on it by requesting "an over-broad range of documentation," Plaintiff filed suit against Defendant on March 18, 1997, in the Circuit Court of the City of St. Louis. Plaintiff sought a declaratory judgment delineating the scope of the sworn statement which Plaintiff had to provide Defendant, the scope of the production of documents, and the obligation of Defendant to repair the insured property.

Citing the diversity of the parties, Defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendant then filed its answer and also filed a counterclaim for breach of contract.

Citing 28 U.S.C. § 1447(e)[3] and Rule 19(b) of the Federal Rules of Civil Procedure,[4] Plaintiff moves to remand on the grounds that it anticipates amending its complaint and adding non-diverse defendants as indispensable parties, i.e. Gregory Sorensen, an insurance adjuster, an agent for Nixon and Company ("Nixon"), and a Missouri resident; Nixon, adjusters and a Missouri corporation; and the City of St. Louis, the owner of the abandoned building. Plaintiff alleges that Sorensen and Nixon were negligent in their adjustment duties and violated Missouri regulations, that Nixon was negligent in hiring and retaining Sorensen, that Sorensen slandered Plaintiff by publishing untrue allega-

---

1. The case is before the undersigned United States Magistrate Judge for a final disposition pursuant to 28 U.S.C. § 636(c).

2. Plaintiff filed its original motion to remand on May 16, 1997, and filed its amended motion on May 27. The former will be denied as moot.

3. Plaintiff actually cites 28 U.S.C. § 1447(c), which governs motions to remand for defects other than a lack of subject matter jurisdiction. It appears from Plaintiff's motion and supporting memorandum, however, that Plaintiff intended to cite § 1447(e), governing the joinder of additional defendants whose joinder would destroy subject matter jurisdiction. Defendant so argued in its response to the motion; Plaintiff did not address the issue in its reply memorandum. The Court will assume, for its present purposes, that Plaintiff intended to cite § 1447(e).

4. Rule 19(b) provides, in relevant part:

If a person [subject to service of process and whose joinder would not deprive the court of subject matter jurisdiction] hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.

tions about Plaintiff's claim, and that the City negligently failed to maintain the abandoned building, thereby causing the fire that damaged Plaintiff's warehouse. Defendant opposes the motion to remand.

### *Discussion*

The non-diverse defendants named by Plaintiff in its motion to remand are clearly not proper parties under the pending complaint as it now stands. That complaint is framed as a declaratory judgment action seeking adjudication of Plaintiff's rights and obligations under its insurance policy with Defendant, including the scope of certain conditions precedent. The counterclaim seeks a declaration that Plaintiff has breached its agreement with Defendant, and, consequently, that Defendant is not obligated to Plaintiff under that policy.

Plaintiff, however, apparently intends to seek leave to amend its complaint to add the three non-diverse defendants for the causes of action described in its instant motion and supporting memorandum. In the interests of judicial economy, the Court will address the question whether Plaintiff will be allowed to do so.

■ "If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). Under § 1447(e) the joinder or substitution of non-diverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable. *See Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir.1994). "This is not to say that it is unimportant whether a non-diverse defendant whom a plaintiff seeks to join or substitute after removal is dispensable or indispensable to the action. If the defendant is

indispensable, the district court's choices are limited to allowing joinder and dismissing the action pursuant to Fed.R.Civ.P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e)." *Id.* at 675. *See also Yniques v. Cabral,* 985 F.2d 1031, 1035 (9th Cir.1993) ("Section 1447(e) and Rule 19 *in combination* expand the district court's options for dealing with an attempt to join a necessary, non-diverse party when the case has been removed to federal court." (emphasis in original)). If a defendant is deemed dispensable, the Court may continue its jurisdiction over the lawsuit without joinder. *Id.*

■ Thus, the Court will first consider whether the additional defendants are indispensable under Rule 19(b).[5] Whether a party is indispensable is a determination that must be made on a case-by-case basis and is dependent upon the facts of each case. *See Helzberg's Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 820 (8th Cir.1977).

■ The case in its present posture is about an insurance contract and the signatories' rights and obligations under that contract. The potential defendants are not parties to that contract. " 'When a person is not a party to the contract in litigation and has no rights or obligations under that contract, even though he may have obligated himself to abide by the result of the pending action by another contract that is not at issue, he will not be regarded as an indispensable party in a suit to determine obligations under the disputed contract.' " *Casas Office Machines, Inc.*, 42 F.3d at 676 (quoting 7 Charles A. Wright, *Federal Practice and Procedure,* § 1613 (1986)).

The Court finds that the three potential defendants are not indispensable parties. Accordingly, Plaintiff's motion to dismiss this action pursuant to Rule 19(b) will be denied.

---

5. The factors to be considered when determining whether a party is indispensable under Rule 19(b) are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

■ The next question is whether the three defendants should be joined and the action remanded under § 1447(e). The relevant inquiry is " '[t]he extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.' " *St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.,* 738 F.Supp. 1269, 1271 (E.D.Mo. 1990) (quoting *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987) [6]). *See also Le Duc v. Bujake,* 777 F.Supp. 10, 12 (E.D.Mo. 1991) (same).

■ Evaluating Plaintiff's request to add the non-diverse defendants in light of the foregoing factors, the Court finds that the equities do not favor their joinder.

Plaintiff argues that it is not attempting to defeat federal jurisdiction but is attempting to add parties which were not necessary to the action as filed by Plaintiff and did not become necessary until Defendant removed the case to federal court and filed a counterclaim. Plaintiff's argument is disingenuous. The complaint as it was filed was removable to federal court. Moreover, the counterclaim for breach of contract could reasonably have been anticipated by Plaintiff. The additional allegations against the additional defendants may not have arisen but for the fire, but nevertheless they are only tangentially related to the insurance dispute presently at issue. *See Marshall v. Navistar Int'l Transp. Corp.,* 168 F.R.D. 606 (E.D.Mich.1996) (finding equities weighed in favor of not allowing joinder of non-diverse defendant where, aside from the fact that both causes of action arose from same highway accident, the issue against one defendant was whether the road was defective and the issue against the other was whether the products were defective). *Cf. Wyant v. National RR Passenger Corp.,*

881 F.Supp. 919 (S.D.N.Y.1995) (plaintiff suing railroad for injuries sustained in fall on railroad station's waiting area would be allowed to add non-diverse janitorial contractor responsible for cleaning and waxing floors; if plaintiff was not permitted to add contractor it would be forced to bring claims against all potential tortfeasors in two different fora); *Morze v. Southland Corp.,* 816 F.Supp. 369 (E.D.Pa.1993) (plaintiff would be granted leave to join non-diverse franchisee as additional defendant in suit against franchisor given that plaintiff had potential cause of action against both franchisor and franchisee under state law, elements and facts relevant to each cause of action overlapped considerably, and franchisee's deposition testimony evidenced his potential liability for the complained-of injuries). Plaintiff has cited no authority to support its position that the maintenance of this action would deprive it of the ability to pursue the additional allegations against the additional defendants in separate state court actions. Plaintiff will, therefore, not be significantly injured if the proposed amendment is not allowed. *See Wells v. Certainteed Corp.,* 950 F.Supp. 200, 201 (E.D.Mich.1997); *St. Louis Trade Diverters, Inc.,* 738 F.Supp. at 1271.

Thus, for the foregoing reasons, the Court finds that the equities favor not permitting Plaintiff to join the three non-diverse defendants, Sorensen, Nixon, and the City, and to add tort claims to the pending contract dispute.

Because the Court finds that neither a dismissal under Rule 19(b) nor a remand under § 1147(e) is merited, the Court will allow Plaintiff ten additional days up to and including July 24, 1997, within which to file a responsive pleading to Defendant's counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand or to dismiss the

6. Although *Hensgens* was decided prior to the enactment of the Judicial Improvements and Access to Justice Act which, inter alia, added subdivision (e) to 28 U.S.C. § 1447, a number of courts have relied upon its analysis in deciding § 1447(e) issues. *See, e.g., Tillman v. CSX Transportation, Inc.,* 929 F.2d 1023, 1029 (5th Cir. 1991); *Le Duc v. Bujake,* 777 F.Supp. 10, 11 (E.D.Mo.1991); *St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.,* 738 F.Supp. 1269, 1271 (E.D.Mo.1990); *Wells v. Certainteed Corp.,* 950 F.Supp. 200, 201 (E.D.Mich.1997); *Coley v. Dragon Ltd.,* 138 F.R.D. 460, 465 (E.D.Va.1990). "Section 1447(e) is considered by several courts to be essentially a codification of *Hensgens.*" *Coley,* 138 F.R.D. at 465 n. 3.

removal petition is **DENIED** as moot [Doc. 7]; and

**IT IS FURTHER ORDERED** that Plaintiff's amended motion for order remanding to state court pursuant to 28 U.S.C. § 1447(e) or to dismiss pursuant to Rule 19(b) is **DENIED** [Doc. 8]; and

**IT IS FINALLY ORDERED** that Plaintiff is granted ten (10) days from the date of this Order to respond to Defendant's counterclaim.