**Leonard SIEDLIK and Elaine Pancras, Plaintiffs,**

v.

**THE STANLEY WORKS, INC., Defendant.**

No. CIV.00–40429.

United States District Court,
E.D. Michigan,
Southern Division.

May 29, 2002.

Herbert A. Brail, Dearborn, MI, Christopher J. Keane, Keane, Brail, Dearborn, MI, for Leonard E. Siedlik, Elaine Pancoast, plaintiffs.

Edward M. Kronk, Herbert C. Donovan, Butzel, Long, Detroit, MI, Candace C. Dugan, for Stanley Works, a Connecticut corporation, individually and as successor to Stanley Storage Systems, Inc., formerly known as Stanley Vidmar, Inc., defendants.

## ORDER

GADOLA, District Judge.

Before the Court is Plaintiffs' motion for leave to file a second amended complaint [docket entry 30]. The Court held a hearing on this matter on March 27, 2002. For the reasons set forth below, the Court shall grant Plaintiff's motion and, *sua sponte*, remand the case to the Circuit Court for the County of Wayne.

## I BACKGROUND

On December 6, 2000, Plaintiffs filed their first amended complaint in the Circuit Court for the County of Wayne alleging various state law claims against Defendant grounded in the Defendant's allegedly-negligent design of die carts. In essence, this is a products-liability action asserting that Defendant negligently built die carts, one of which eventually hurt Plaintiff, who is an auto worker. On December 21, 2000, Defendant, alleging diversity jurisdiction, filed a notice of removal of this case from state court.

On February 28, 2002, Plaintiffs filed the present motion pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs seek to add as a defendant Anger's Equipment Company. This entity is a Michigan corporation, and adding it as a defendant would destroy diversity jurisdiction.

## II LEGAL STANDARD

A motion to amend should be freely granted when justice so requires. Fed.R.Civ.P. 15(a). In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the moving party, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or the futility of the amendment, leave to amend should be granted. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir.1990); *Weisbord v. Michigan State Univ.*, 495 F.Supp. 1347 (W.D.Mich.1980). However, where the proposed amendments would prove futile, leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Futility of amendment may be based on the proposed pleadings if defendants can show that plaintiffs are incapable of surviving a motion to dismiss. *See, e.g., Sinay v.*

*Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir.1991) (using Fed.R.Civ.P. 12(b)(6)); *Gilbert, Segall and Young v. Bank of Montreal,* 785 F.Supp. 453, 457 (S.D.N.Y.1992) (using Fed.R.Civ.P. 12(c)).

## III  ANALYSIS

Plaintiffs argue that the Court should allow them to amend their complaint because it was not until January 3, 2002 that they learned, via the deposition of Defendant's salesman, that Anger's Equipment Company ("Anger's") sold the die carts to the end user. This was so despite the previous "multiple, persistent requests" that Plaintiff had made to Defendant "for information about the identity of the seller/distributor of the defective product both before and since this action was filed." (Pl. Br. at 6.) Plaintiffs further argue that they will have to sue Anger's in state court if this motion is denied, thus impeding judicial economy, and that Defendant would suffer no prejudice were the Court to grant this motion.

Defendant retorts that the Court should deny this motion because (1) Plaintiff's motion is futile because no liability could be proven against Anger's and (2) the Court should exercise its discretion under 28 U.S.C. § 1447(e) to deny joinder on the grounds that allowing such joinder would frustrate the purpose of removal.

■ The Court rejects Defendant's first argument because, on the facts alleged, the proposed claim is not futile. Plaintiff seeks to bring a claim of breach of the implied warranty of merchantability against Anger's. There are two elements to a claim against a retailer for the breach of the implied warranty of merchantability under Michigan law: (1) that the retailer sold the product in a defective condition and (2) the defect caused the plaintiff's injury. *Hollister v. Dayton Hudson Corp.,* 201 F.3d 731, 737 (6th Cir.2000) (citing *Piercefield v. Remington Arms Co.,* 375 Mich. 85, 133 N.W.2d 129, 134 (1965)); *Cavalier v. Werner Co.,* 976 F.Supp. 672, 678 (E.D.Mich.1997). Here, Plaintiffs have alleged facts that would meet both of these elements, and their claim against Anger is, accordingly, not futile.

■ Defendant disagrees. During oral argument, Defendant contended that M.C.L. 600.2947(6), amended in 1996, effectively added the element of fault to these two elements. This Court rejects this argument for two reasons. First, as recently as 2000, the Sixth Circuit has enunciated the two part test delineated above as being the law in Michigan. Second, the Court's reading of M.C.L. 600.2947(6) reveals that a seller may be liable where the seller has "committed breach of any implied warranty." M.C.L. 600.2947(6)(a). Thus, M.C.L. 600.2947(6) does not change the common law elements of the breach of the implied warranty of merchantability.

■ Defendant also cites *Adams v. Meijer, Inc.,* No. 224213, 2001 WL 1657310, at \*\*3–4, 2001 Mich.App. LEXIS 298, at \*\*7–9 (Mich.App. Dec. 18, 2001) for the proposition that, in addition to the elements discussed above, Plaintiffs must prove that the seller knew, at the time of the sale, the particular purpose for which the goods were required and that the buyer relied on the seller to select or furnish suitable goods. Defendant argues that Plaintiffs have not alleged facts upon which they could prove either of the latter two elements.

The Court rejects Defendant's position because it is the position of the Michigan Supreme Court, in a published disposition, that a claim for breach of implied warranty requires only the two elements set forth above. *Piercefield,* 133 N.W.2d at 134. This holding is still good law in Michigan, and the Sixth Circuit correctly relied on *Piercefield* when it set forth the elements

of an implied breach of warranty claim in *Hollister*. To whatever extent the unpublished disposition of the Michigan Court of Appeals clashes with *Piercefield*, therefore, the Court disregards *Adams*.

In short, the Court concludes that Defendant has failed to show that it would be futile to add Anger's as a defendant.

 The Court now turns to Defendant's second argument, that the Court should exercise its discretion under § 1447(e) to deny joinder. Under § 1447(e), the Court, in its discretion, may refuse to allow a plaintiff to add a defendant where so doing would destroy subject matter jurisdiction. The Court must consider: (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities. *Wells v. Certainteed Corp.*, 950 F.Supp. 200, 201 (E.D.Mich.1997) (Duggan, J.).

Factor one favors Plaintiffs because, for reasons discussed above, Plaintiffs have stated a legitimate claim against Anger's. Factor three favors Plaintiffs because, if the Court denies this motion, Plaintiffs will have to pursue parallel litigation against Defendant and Anger's in federal and state courts.

Regarding factor two, Defendant argues that Plaintiffs "learned of Angers [sic] potential involvement at least four months before filing their motion," but offers no support for this bald allegation. Moreover, the Court is not satisfied that waiting four months to file this motion necessarily would constitute dilatory conduct. Accordingly, the Court shall not exercise its discretion under § 1447(e) to deny this motion.

## IV CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED THAT** Plaintiffs' motion for leave to file a second amended complaint [docket entry 30] is **GRANTED.**

**IT IS FURTHER ORDERED THAT,** because this Court now lacks diversity jurisdiction, this case is **REMANDED** to the Circuit Court for the County of Wayne.

**SO ORDERED.**