[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13670
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-01199-WMR

ADORACION HICKERSON,
CALVIN MOORE,
CHRISTIAN MOORE,
ADORACION HICKERSON,
as next friend
Cxxxx Mxxxx
as guardian of
Cxxxx Mxxxx,
ADORACION HICKERSON,
as next friend
Cxxxxx Mxxxx,

Plaintiffs - Appellants,

versus

ENTERPRISE LEASING COMPANY OF GEORGIA, LLC,
EAN HOLDINGS, LLC,

Defendants - Appellees,

TIMOTHY G. GENTRY,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2020)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Adoracion Hickerson, Calvin Moore, Christian Moore, and two minors for whom Adoracion Hickerson is the next friend (the "plaintiffs"), all Georgia residents, appeal the district court's denial of their motion for reconsideration of the denials of their motions for leave to amend their complaint and to remand to state court.[1]  They contend that the district court lacked subject matter jurisdiction over this dispute because (1) none of their claims satisfied the amount-in controversy-requirement for diversity jurisdiction and (2) they should have been allowed to amend their complaint to add Bryce Melancon, a Georgia

_____

[1] In their notice of appeal, the plaintiffs indicated their intent to appeal the district court's order granting the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In their briefing on appeal, the only issue they raise relevant to the motion to dismiss is whether Mississippi law or Georgia law should have been applied to their negligent entrustment claim. But the district court, in dismissing this claim, explicitly relied on both Georgia and Mississippi law.  Thus, this argument is meritless.  Because the plaintiffs do not address the district court's dismissal of their claims under Rule 12(b)(6) beyond this argument, we deem any other challenges on the merits of the dismissal to have been abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

2

resident, as a defendant, which would defeat diversity jurisdiction.  After careful review, we conclude that the district court had subject matter jurisdiction and did not abuse its discretion in denying the plaintiffs' motion for reconsideration.

## I.    BACKGROUND

In March 2016, the plaintiffs suffered injuries in a motor vehicle accident as passengers in a truck rented and driven by Melancon.  Melancon—a relative of all the plaintiffs—had rented the truck from defendants Enterprise Leasing Company of Georgia, LLC and EAN Holdings (collectively, "Enterprise"), business entities organized under Delaware state law with their principal places of business in Missouri.  Melancon was uninsured at the time of the accident.

Almost two years later, the plaintiffs filed a negligence lawsuit against Enterprise in the Superior Court of Fulton County, Georgia for negligently renting a vehicle to Melancon without discovering that he had no insurance and without offering him insurance for purchase.[2]  The plaintiffs alleged that they suffered extensive bodily injuries and traumatic brain injuries as a result of the accident and all except one minor plaintiff endured months of pain and suffering.

Enterprise timely removed this case to the United States District Court for the Northern District of Georgia based on diversity jurisdiction under 28 U.S.C.

---

[2] The plaintiffs also sued the other driver, Timothy Gentry, for negligence.  The district court dismissed the entire case because the plaintiffs failed to effect service on Gentry.  The court then reinstated the case as to Enterprise but not as to Gentry.

3

§ 1332.  Fifteen days after Enterprise removed the case, the plaintiffs filed a motion for leave to file an amended complaint, seeking to add Melancon as a defendant.  Because the joinder of Melancon, a Georgia resident, would destroy diversity jurisdiction, they also filed a motion to remand to state court.  The district court denied both motions on the ground that the purpose of the proposed amendment was to defeat federal subject matter jurisdiction.

The case was then reassigned to another judge.  The plaintiffs filed a motion for reconsideration before the new judge, requesting that the court reconsider the denial of their motion to amend their complaint and their motion to remand.  At the hearing on this motion, they also argued—for the first time—that the district court lacked subject matter jurisdiction over the case because the plaintiffs' claims did not meet § 1332's amount-in-controversy requirement.  After allowing the parties to brief that issue, the district court denied the motion, concluding that the court had jurisdiction because the plaintiffs' claims met the amount-in-controversy requirement and that the plaintiffs had shown "no clear error in fact or law or intervening development in controlling law" to merit reconsideration.  Doc. 53 at 10.[3]  This appeal followed.

---

[3] Citations in the form "Doc. #" refer to district court docket entries.

4

## II.    STANDARD OF REVIEW

We review *de novo* questions of subject matter jurisdiction.  *See United States v. Al–Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).  We review a district court's ruling on a motion for reconsideration for an abuse of discretion.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).  "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner."  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

## III.    DISCUSSION

Federal courts are courts of limited jurisdiction; jurisdiction lies only when a controversy involves either a question of federal law or diversity of citizenship between the parties.  *See* 28 U.S.C. §§ 1331–32.  Removal statutes are strictly construed, and courts should remand to state court cases where federal subject matter jurisdiction is in doubt.  *See Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  Because the parties here do not contend that their dispute involves a question of federal law, the district court had jurisdiction over the instant case only if diversity jurisdiction existed.  Diversity jurisdiction exists when the suit is

5

between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

### A.     The District Court Had Jurisdiction Because the Amount-in-Controversy Requirement Was Met.

The plaintiffs argue that the district court lacked jurisdiction over this case because the damages they sought in their complaint did not meet the amount-in-controversy requirement.  They point out that none of the plaintiffs' individual claims sought more than $75,000.  The plaintiffs alleged non-specific damages for their miscellaneous injuries, traumatic brain injuries, and pain and suffering.  The complaint also sought special damages in specific dollar amounts for medical expenses the plaintiffs had incurred but noted that they would supplement the amounts as additional expenses continued to accrue.

When there are multiple plaintiffs in an action, as there are here, federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).  The damages resulting from the plaintiffs' claims may not be aggregated to reach the jurisdictional amount unless the claims seek to enforce a single, undivided title or right—which is not the case here.  *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294-95 (1973); *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 974 (11th Cir. 2002).

6

"When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (internal quotation marks and citation omitted and alterations adopted).  If the jurisdictional amount is not facially apparent, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id*. (internal quotation marks omitted).

When, as in this case, a defendant contends that removability is apparent from the face of the complaint, the court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden.  In making this determination, district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable."  *See Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted).  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Id.* at 1062.

Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000.  *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)

7

(concluding that plaintiff's unspecified damages, including permanent disfigurement as well as pain and suffering, satisfied the "facially apparent" inquiry); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (holding that plaintiff's alleged damages for property damage, travel expenses, an emergency ambulance trip, a stay in the hospital, and pain and suffering met the jurisdictional amount).[4]  Where, by contrast, plaintiffs alleged minor, short-term injuries or the pleadings provided no specific facts to support removal, we have held that removal would be based on speculation and thus improper.  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007).

Enterprise argues that it is facially apparent that the damages alleged in the plaintiffs' complaint satisfy the amount-in-controversy requirement.[5]  The plaintiffs alleged that each plaintiff suffered substantial bodily and "traumatic brain injur[ies]" and listed as damages continuing medical expenses due to these injuries. Doc. 1-1 at 4-6.  For example, Christian Moore "suffered various lacerations to her face and also broke her right forearm which sustained a closed reduction fracture

---

[4]As noted in *Roe*, Eleventh Circuit precedent in this area of the law is relatively sparse. 613 F.3d at 1062.  Given this lack of in-circuit authority, we find Fifth Circuit precedent instructive because it, like our precedent, employs a court-conducted "facially apparent" inquiry in determining the removability of a claim without a specific damages request.  *Id.* at 1062-63.

[5] In support of their arguments, the plaintiffs cite cases that turn on whether additional evidence provided by the defendants was sufficient to establish the amount in controversy. These cases are irrelevant to our analysis, however, because Enterprise argues that it was facially apparent that the amount-in-controversy requirement was met.

and required surgery," including the insertion and then removal of an internal plate to fix the fracture. *Id.* at 4. She also suffered a nasal bone fracture and a rib fracture. According to the complaint, "[s]he has endured months of pain and suffering [and] has sustained a traumatic brain injury." *Id.* at 4-5. The complaint identified over $25,000 in medical bills for Christian's injuries while alleging that additional medical bills were forthcoming and seeking damages for continued pain and suffering. The alleged bodily injuries sustained by one of the minor plaintiffs—hospitalization for three days with a fractured humerus, multiple facial lacerations, and a pulmonary contusion of the lung—and by Calvin Moore—who suffered "permanent disfigurement" including the loss of an ear—were similar in severity. *Id.* at 4. And these plaintiffs, too, according to the complaint, suffered traumatic brain injuries. Based on these allegations, Enterprise argues, it reasonably can be inferred from the complaint that at least one plaintiff sustained damages exceeding $75,000. We agree.

The plaintiffs alleged miscellaneous bodily injuries requiring surgery, traumatic brain injuries, medical bills already in the tens of thousands of dollars that are continuing to accrue, and sustained pain and suffering. On the face of the complaint, these injuries were serious and long-lasting. From the alleged traumatic brain injuries alone, the district court could reasonably infer or deduce that the cost of treatment would satisfy the jurisdictional amount. Thus, applying "judicial

9

experience and common sense," we conclude that it is facially apparent that the jurisdictional amount is satisfied. *See Roe*, 613 F.3d at 1062.

**B.    The District Court Did Not Abuse Its Discretion in Denying the Plaintiffs' Motion for Reconsideration of the Denial of Leave to Amend Their Complaint.**

The plaintiffs argue that the district court should have granted their motion for reconsideration and allowed them to amend their complaint to join Melancon, which would have destroyed complete diversity and stripped the district court of its subject matter jurisdiction. We see no abuse of the district court's discretion.[6]

The decision whether to grant a motion for reconsideration is committed to the sound discretion of the district court. *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000). A motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). In their motion for reconsideration, the plaintiffs' arguments were identical

---

[6] The plaintiffs also argue that because Melancon was the driver and party responsible for obtaining insurance, he was a necessary and indispensable party under Federal Rule of Civil Procedure 19. Not only is this argument conclusory, but it is readily apparent that Melancon does not meet the "necessary" requirement of Rule 19(a) because his absence would not preclude complete relief between the parties, nor did he "claim[] an interest relating to the subject of the action." Fed. R. Civ. Pro. 19(a). Thus, the district court was not required by Rule 19 to allow Melancon's joinder.

10

to the arguments they made when they initially sought leave to amend—arguments that were rejected by the district court. Thus, the court did not abuse its discretion in denying the motion for reconsideration.

Beyond the plaintiffs' repetition of their argument, their motion for reconsideration also lacked merit. District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Our court has no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal. However, decisions from other circuits are instructive.

For instance, in *Hensgens v. Deere & Co.*, the Fifth Circuit articulated a balancing test for deciding whether to permit joinder of a party who would defeat complete diversity. 833 F.2d 1179, 1182 (5th Cir. 1987).[7] In applying the test, the Fifth Circuit directed, a court should consider the following factors: (1) "the extent

---

[7] *Hensgens* was decided before the adoption of 28 U.S.C. § 1447(e), but numerous courts have relied upon its analysis when determining whether joinder is proper under § 1447(e). *See, e.g.*, *Alpers Jobbing Co. v. Northland Cas.* Co., 173 F.R.D. 517, 520 n. 6 (E.D. Mo. 1997) (collecting cases).

11

to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id.* Other circuits have applied these or similar factors. *See, e.g.*, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999). We now consider these factors in determining whether the district court erred in rejecting the plaintiffs' amendment joining Melancon.

As to the first factor, in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal. *See, e.g.*, *Bailey*, 563 F.3d at 309 (noting that plaintiff knew about new parties before removal). Here, despite having full knowledge of Melancon's involvement in the accident as the driver and renter of the vehicle in which they were riding, the plaintiffs chose to include him in the lawsuit only after removal. They argue that it was not their intention to add Melancon as a defendant to defeat diversity jurisdiction; instead, when they filed their complaint they did not name him because they thought the driver of the other vehicle was at fault. But the police report of the accident identified Melancon as the party at fault, and the plaintiffs

12

have failed to explain why they were unable to obtain the police report—which was written in 2016, two years before they filed the lawsuit—before removal. We note that the plaintiffs cite their familial relationship with Melancon as a reason why they chose not to sue him initially. Appellant's Br. at 17. This admission suggests that the reason the plaintiffs changed their mind and sought to add him as a defendant was to defeat removal. Taken together these circumstances indicate that the plaintiffs' motive in seeking to amend their complaint was to destroy federal jurisdiction. Thus, this factor weighs in Enterprise's favor.

Similar reasons support a conclusion that the second factor—whether the plaintiffs were dilatory in seeking to amend—also tilts the balance in Enterprise's favor. A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along. *See Osgood v. Discount Auto Parts, LLC*, 955 F. Supp.2d 1352, 1356 (S.D. Fla. 2013) (finding a slip-and-fall plaintiff dilatory in asking for amendment where he did not seek to add the non-diverse party until over a year after the accident and six months after filing suit). The plaintiffs argue that they were not dilatory in seeking an amendment to join Melancon because they filed their motion only 15 days after removal. But the swift filing does not necessarily indicate diligence. Again, the plaintiffs were aware of Melancon's role in the accident when it happened, more than two years

13

before they filed the complaint. That they moved to add him only after removal undermines the suggestion of diligence on the plaintiffs' part.

As to the third factor, whether the plaintiffs would be significantly injured if amendment were not allowed, the district court concluded that they would not be denied a full remedy because they remained free to pursue claims against Melancon in state court. The plaintiffs argue that having to pursue parallel proceedings against Melancon in state court would amount to significant injury. The district court previously rejected this argument, however, and the plaintiffs have offered no persuasive argument that the district court erred in doing so. Being made to litigate against Melancon in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—such that this factor weighs in the plaintiffs' favor.

Applying the last factor—any other factors bearing on the equities—the district court concluded that other equitable factors do not weigh substantially in favor of either party. The plaintiffs have provided no reason to conclude otherwise.

Given that these factors are either neutral or weigh in Enterprise's favor, the district court did not abuse its discretion in denying the plaintiffs' motion for reconsideration of the denial of their motion to amend to add Melancon as a defendant. And because diversity jurisdiction was proper, the district court also

14

did not err in denying the motion to reconsider on the denial of the plaintiffs'

motion to remand.

## IV.    CONCLUSION

For the above reasons, we affirm.

**AFFIRMED.**