777 F.Supp. 10 (1991)
Esther LE DUC, Plaintiff,
v.
Jacqueline BUJAKE, et al., Defendants.
No. 90-1813C(6).
United States District Court, E.D. Missouri, E.D.
October 29, 1991.
*11 Christopher Carenza, Hoffman & Wallach, St. Louis, Mo., for plaintiff Le Duc.
Kortenhof & Ely, Ben Ely, Jr., St. Louis, Mo., for defendant Bujake.
Gary Rutledge, Karen Menghini, Armstrong, Teasdale, Schafly, Davis & Di, St. Louis, Mo., for defendant Gelven.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on plaintiff's motion to remand plaintiff's complaint to the Circuit Court of the City of St. Louis and defendants' motions to dismiss and/or sever plaintiff's claim against defendant Terra Gelven.
Plaintiff Esther Le Duc, a Missouri resident, originally filed this complaint against Jacqueline Bujake, a Wisconsin resident, in the Circuit Court for the City of St. Louis seeking to recover for personal injuries allegedly sustained in a 1985 automobile accident. On September 24, 1990 Bujake removed the action to this Court on the basis of diversity of citizenship. At the time of removal Bujake also filed answer to plaintiff's complaint. On December 11, 1990 plaintiff obtained leave to file a first amended complaint adding an additional count and an additional non-diverse defendant, Terra Gelven. In the first amended complaint plaintiff sought to recover for injuries allegedly sustained in a 1988 automobile accident involving Gelven. Plaintiff contended that the injuries sustained in both accidents "involve common issues of fact, discovery, proof and law and are so inextricably entwined that it is necessary to join Count I and Count II in the same cause of action...." First Amended Complaint at ¶ 3. Although the proposed amendment added a nondiverse party and thereby deprived the Court of subject matter jurisdiction, plaintiff failed to bring this issue to the attention of the Court until October 7, 1991, less than a month before the scheduled trial date and ten months after the filing of the amended complaint. At that time plaintiff filed a motion to remand this action to St. Louis County Circuit Court contending that the joinder of defendant Gelven as a necessary and indispensable party to this cause of action defeats diversity and divests this Court of subject matter jurisdiction.
The resolution of this motion is governed by 28 U.S.C. § 1447(e):
If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.
Where, as here, the record indicates that the problem of the addition of the nondiverse defendant was not brought to the attention of the Court or recognized by the parties, the filing of the amended complaint should be considered a nullity and the Court given an opportunity to consider whether justice requires that Le Duc be permitted to join Gelven as a defendant. *12 See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir.1987), appeal after remand, 869 F.2d 879 (5th Cir.1989), reh'g denied, 875 F.2d 858 (5th Cir.1989).
In determining whether justice requires joinder of the nondiverse party, the Court is directed to balance the original defendant's interest in maintaining the federal forum against the interest in avoiding multiple or piecemeal litigation of the same claim. See Id. Specifically, the Court is required to consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether plaintiff has been dilatory in asking for amendment, and 3) whether plaintiff will be significantly injured if amendment is not allowed. See Id. Despite plaintiff's contention to the contrary, consideration of the aforementioned factors rather than "a rigid distinction of whether the proposed added party is an indispensable or permissive party" should govern the Court's determination concerning the propriety of the proposed joinder. Id.
Consideration of the aforementioned factors persuades the Court that plaintiff should not be permitted to amend its complaint to add the nondiverse party. The fact that the 1988 incident on which the proposed amendment is based occurred two years prior to the filing of the original state court complaint and almost three years prior to the request for leave to amend the complaint warrants a conclusion that plaintiff has been dilatory in seeking leave to add defendant Gelven as a party. In addition, the temporal proximity of the petition for removal and the request for joinder of the nondiverse party at least suggests an attempt to defeat this Court's diversity jurisdiction over the action. Finally, there is no indication that plaintiff will be significantly injured if the amendment is not permitted. Plaintiff is free to pursue her claim against Gelven in the state courts and a judgment for or against plaintiff in the federal court will in no way impede her ability to recover against Gelven for injuries sustained in the separate action.
The Court's analysis of these factors persuades it that interest of the diverse defendant Bujake in a federal forum outweighs plaintiff's interest in judicial economy or unity of action.
Accordingly, IT IS HEREBY ORDERED that the December 11, 1990 filing of plaintiff's first amended complaint shall be and it is considered a nullity.
The Court having construed plaintiff's first amended complaint as a request for leave to amend its complaint to add a nondiverse party, IT IS FURTHER ORDERED that plaintiff's request for leave to so amend shall be and it is denied. Accordingly, IT IS FURTHER ORDERED that plaintiff's motion to remand shall be and it is denied pursuant to 28 U.S.C. § 1447(e).
IT IS FURTHER ORDERED that the motions of defendants Bujake and Gelven to dismiss and/or sever plaintiff's claim against defendant Terra Gelven shall be and they are denied as moot.