**Leonardo FAYE, Plaintiff,**

v.

**HIGH'S OF BALTIMORE, Defendant.**

**Civil Nos. JFM 07–2244, JFM 08–0004.**

United States District Court,
D. Maryland.

March 31, 2008.

---

11. National Grange, as assignee, enjoys only those rights that Hobbs could have asserted against Atlantic.

Michael J. Snider, Allan E. Feldman, Ari Taragin, Snider and Associates LLC, Baltimore, MD, Andreas N. Akaras, Akaras Law Offices, College Park, MD, Jeffery Charles Taylor, Jeffery C. Taylor, Esq., Baltimore, MD, for Plaintiff.

Louis Joseph Cannon, Jr., Norman R. Buchsbaum, Law Offices Norman R. Buchsbaum, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

J. FREDERICK MOTZ, District Judge.

Plaintiff Leonardo Faye has filed two lawsuits against his former employer, defendant High's of Baltimore. Both suits were filed in the Circuit Court for Howard County and subsequently removed to this Court by the defendant. Now pending is the plaintiff's motion to remand the second-filed suit, Civil No. JFM 08–0004. For the reasons stated below, plaintiff's motion is granted, however I will *sua sponte* strike the amended complaint in Civil No. JFM 07–2244 and enjoin the plaintiff from prosecuting the second-filed suit in state court.

### I.

The facts underlying the merits of this lawsuit are of little relevance to the pending motion; accordingly, I will recite them only in brief. Plaintiff Leonardo Faye ("Faye") is a former employee of defendant High's of Baltimore ("High's"), a chain of convenience stores throughout Maryland and Delaware. Faye is suing High's for allegedly unpaid overtime wages. For over four years, Faye worked at a High's store in Ellicott City, Maryland. (Compl. in Civil No. JFM 07–2244 ¶ 6.) He contends that he worked, on average, 58 hours per week (*id.*), and characterizes his position as "cashier" (*id.* ¶ 3). High's does not dispute that Faye worked more than forty hours per week, but states that he was the "Store Manager," and thus

was not entitled to overtime pay. (*See* Def.'s Mem. in Supp. of Mot. for Summ. J. at 5.)

More relevant to the pending motion are the procedural facts giving rise to this litigation. On July 2, 2007, Faye filed the first suit in the Circuit Court for Howard County. (Compl. in Civil No. JFM 07–2244 at 1.) On August 24, 2007, in light of Faye's claim under the federal Fair Labor Standards Act ("FLSA"), High's removed the case to federal court. (*See id.* ¶¶ 17–21 (outlining FLSA claim); Notice of Removal in Civil No. JFM 07–2244.) *See* 28 U.S.C. § 1441(b) (providing for removal jurisdiction over federal question cases). The original Complaint in the first case had two counts: the first alleged violations of Maryland state law (compl. in Civil No. JFM 07–2244 ¶¶ 9–16), and the second alleged FLSA violations (*id.* ¶¶ 17–21).

On September 4, 2007, High's filed a motion to dismiss, arguing that Faye's Complaint failed to state a claim upon which relief could be granted. Faye filed an opposition that addressed High's arguments with respect to both state and federal law. (*See* Pl.'s Opp'n to Def.'s Mot. for Summ. J.) Because of the fact-intensive nature of the legal questions raised by High's motion, I denied the motion to dismiss on December 17, 2007. (*See* Docket No. 34, Civil No. JFM 07–2244.)

On September 5, 2007, Faye filed a motion to remand on the basis that High's did not file a copy of the notice of removal with the clerk of court for the Circuit Court for Howard County. (*See* Mem. in Supp. of Pl.'s First Mot. to Remand.) *See* 28 U.S.C. § 1446(d) (requiring a removing defendant to file notice with clerk of state court). On September 26, 2007, in light of the technical nature of this objection and High's prompt curing of the defect, I denied the first motion to remand. (Docket No. 17, Civil No. JFM 07–2244.)

On October 15, 2007, following this denial, Faye moved for leave to file an amended complaint. (*See* Mot. to File Pl.'s Am. Compl. in Civil No. JFM 07–2244.) Over High's opposition, I granted this motion. (Docket No. 34, Civil No. JFM 07–2244.) On December 17, 2007, Faye filed the Amended Complaint, which eliminated the state law claims and re-styled the FLSA Count as a Collective Action. (*See* Am. Compl. in Civil No. JFM 07–2244.)

On November 6, 2007, while the motion for leave to amend was pending, Faye filed a second lawsuit against High's in the Circuit Court for Howard County. (*See* Compl. in Civil No. JFM 08–0004.) This second lawsuit sought class action treatment, but otherwise alleged the same state claims as Count I of Faye's original complaint in the initial case. (*See id.*) Despite the pendency of the motion for leave to amend, Faye did not inform this Court (or the defendant) of the second-filed lawsuit. Additionally, the motion for leave to amend focused on the fact that the proposed amended complaint *broadened* the lawsuit by making it a FLSA Collective Action; nowhere did Faye highlight the elimination of the state claims or mention the possibility of a second suit.

High's was eventually served with the second lawsuit on December 31, 2007, and promptly filed a notice of removal and a motion to consolidate the two cases. (*See* Notice of Removal in Civil No. JFM 08–0004; Mot. to Consolidate in Civil No. JFM 08–0004.) I granted the motion to consolidate. (Docket No. 15, Civil No. JFM 08–0004.) Faye subsequently filed the pending motion to remand the second-filed suit, arguing that this Court does not have jurisdiction because (1) there is no diversity, and (2) the second suit pleads only state law claims. (*See* Pl.'s Second Mot. to Remand.) High's has responded by emphasizing Faye's apparent forum-shopping and his failure to disclose all relevant facts, and also argues that because Maryland has adopted federal standards for some portions of Faye's state claims, there is federal question jurisdiction. (*See* Def.'s Opp'n to Pl.'s Second Mot. to Remand.)

## II.

■ It is clear that this Court does not have subject matter jurisdiction over the second-filed suit. The parties are not diverse, and the Complaint alleges only state law claims. While Maryland has made reference to federal regulatory standards to define certain persons who are exempted from the relevant state statutes, such limited adoption of federal law is insufficient under the substantial federal question doctrine because the exemption constitutes an affirmative defense and the jurisdictional inquiry focuses only on the well-pleaded complaint. *See Pinney v. Nokia, Inc.,* 402 F.3d 430, 445–446 (4th Cir.2005) ("[The district court] should have considered only whether a disputed question of federal law is an *essential element of one of the well-pleaded state claims.* The district court went beyond this restricted inquiry and in effect anticipated [the defendant's affirmative defense].... Federal law becomes relevant only as a defense, and only after the ... plaintiffs have made out the elements of their state law claims.") (emphasis added); *see also John Crane, Inc. v. Scribner,* 369 Md. 369, 800 A.2d 727, 742 (2002) (noting that "it is the usual rule that a party who seeks an exemption from a statute has the burden of justifying the exemption"). Moreover, although the procedural events of this litigation give rise to a clear inference of forum-shopping, I cannot exercise jurisdiction over a lawsuit simply because of such forum-shopping. Accordingly, Faye's motion to remand the second suit is granted.

## III.

■ Although the motion to remand must be granted, Faye did act in a manner designed to defeat federal jurisdiction over his state claims. Indeed, Faye appears to admit as much:

Obviously, Plaintiff wants to assert an [sic] FLSA collective action in federal court, and a [Maryland Wage & Hour Law ('MWHL') & Maryland Wage Payment & Collection Law ('MWPCL') ] action in state court. Indeed, the Court, especially His Honor, is well versed in the variance of the rulings that have come from the Maryland state courts and the Court regarding the applicability of the MWHL, and especially the MWPCL, in the context of these overtime, break and off the clock wage and hour claims.

(Pl.'s Reply in Supp. of Second Mot. to Remand at 3.)

■ Although the plaintiff is, of course, the "master of his complaint", *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996), and has the power to select the initial forum in which he files suit, Congress has also provided defendants with certain rights. One such right is the right of removal. *See, e.g., King v. Marriott Intern., Inc.*, 337 F.3d 421, 424 (4th Cir.2003) (noting that "the federal removal statute allows a *defendant* to remove certain claims originally brought in state court into federal court") (emphasis added). In this litigation, High's properly exercised that right when it removed the entire first case from state court to federal court in light of the presence of a federal question in the initial Complaint.

This Court had jurisdiction over the state claims in the first case because Congress, in addition to providing defendants with the right of removal, has provided federal courts with the power to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Faye, by amending his complaint to eliminate the state claims and filing a new lawsuit including only those claims, has tried to deprive this Court of supplemental jurisdiction.[1]

■ Plaintiffs should not amend their complaints simply to defeat federal jurisdiction. *See, e.g., Newman v. Motorola, Inc.*, 218 F.Supp.2d 783, 785 (D.Md.2002) ("For the reasons that follow, finding that the primary, if not the only, purpose of adding [a new defendant] is to defeat diversity jurisdiction, the request [to amend the complaint] will be denied."). Faye filed his motion for leave to amend without disclosing all relevant facts, specifically his intention to file a second lawsuit alleging nearly identical state claims. A variety of courts have held that under such circumstances, a motion for leave to amend can be reconsidered and rescinded in light of the newfound information.

For example, in *Curol v. Energy Resource Technology, Inc.*, 2004 WL 2609963, at *2 (E.D.La. Nov. 16, 2004), the district court granted a motion for leave to amend without knowing that the deadline for filing such amendments had passed. Because the plaintiff "did not alert the Court to all of the relevant circumstances," the

---

1. Faye's explanation of the second lawsuit— that he was mistaken in including the state claims in the original lawsuit—is unpersuasive. The original Complaint clearly possessed two Counts. The first is styled as a "Breach of Contract" action and cites only to Maryland law. (*See* Compl. in Civil No. JFM 07–2244 ¶¶ 9–16.) The second is styled as "Failure to Pay FLSA Wages", and cites to federal law. (*Id.* ¶¶ 17–21.) Moreover, the first case was originally filed in state court, so (looking retrospectively) it would be particularly odd if Faye intended to file two lawsuits in state court—one alleging purely federal claims and one alleging purely state claims— when all of the claims arise out of the same course of events.

Court "exercise[d] its *inherent power* to rescind the ... order granting plaintiff's motion for leave to amend ..." [2] *Id.* (emphasis added).

Similarly, in *Smith v. White Consolidated Industries, Inc.,* 229 F.Supp.2d 1275, 1278 (N.D.Ala.2002), the district court found that it had the power to "reconsider its decision to allow plaintiff's amended complaint ..." In striking the amended complaint, the Court emphasized that the amendment appeared designed to defeat federal jurisdiction, *id.* at 1280, and that it was the "defendant's right to choose between a state or federal forum", *id.* at 1282 ("Diversity jurisdiction and the right of removal exist to give non-resident defendants the right to litigate in an unbiased forum. Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.").

Also, in *Le Duc v. Bujake,* 777 F.Supp. 10, 11 (E.D.Mo.1991), the district court rescinded its prior grant of leave to amend because the plaintiff did not inform the court that the amended complaint added a nondiverse party and would thus destroy jurisdiction. The court stated: "Where, as here, the record indicates that the problem of the addition of the nondiverse defendant was not brought to the attention of the Court or recognized by the parties, the filing of the amended complaint should be considered a nullity ..." *Id.* In the instant situation, the filing of a second suit with nearly-identical state claims was not brought to the Court's attention. Because the amended complaint and the second suit are best understood as an attempt to defeat this Court's supplemental jurisdiction, the amended complaint should be considered a nullity.

As one court stated when faced with a proposed amended complaint that was "engineered as a tactical maneuver to regain the forum [plaintiff] originally chose":

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation such as plaintiff has employed cannot be condoned.

*Austwick v. Bd. of Educ. of Township High Sch. Dist. # 113,* 555 F.Supp. 840, 842 (N.D.Ill.1983); *see also Kerrin v. Federated Dep't Stores, Inc.,* 100 F.R.D. 715, 716–717 (N.D.Ga.1983) (refusing to dismiss federal claims or the entire case so that plaintiff could re-file in state court because defendant has a right to removal).

Faye contends that he did not need the Court's leave to amend in light of Federal Rule of Civil Procedure 15(a)'s permissive amendment provisions. *See* Fed.R.Civ.P. 15(a)(1) ("A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading ..."). Of course, whether or not he was required to do so, Faye did in fact file a

---

**2.** The Court in *Curol* was also concerned about the plaintiff's good faith. In particular, the Court stated: "Plaintiff states that it was unnecessary for him to alert the Court to the fact that the motion for leave to amend was untimely because this Court could have ascertained the deadlines by checking the docket sheet. Plaintiff's argument in this regard is particularly troubling. It is not the obligation of this Court to police a litigant's compliance with this Court's orders." *Curol,* 2004 WL 2609963, at *2 n. 11.

motion for leave to amend and requested that this Court to grant it. Moreover, most courts to consider the issue have found that Rule 15(a) cannot be used to defeat federal jurisdiction. The court to issue the most detailed analysis of the question stated:

> Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction. To apply the permissive standard of Rule 15(a) ... would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a).... The liberal amendment provisions of Rule 15(a) are designed to help the parties and the court reach the merits of a dispute; they should not be applied in a manner that frustrates that very function. Such frustration would result if a plaintiff were permitted to amend ... solely to manipulate the forum in which the complaint will be heard.

*Clinco v. Roberts,* 41 F.Supp.2d 1080, 1086–1087 (C.D.Cal.1999); *see also Smith v. BCE Inc.,* 2004 WL 2457807, at *2 (W.D.Tex. Nov. 3, 2004) ("Plaintiff may not amend his pleading as of right where his amendment is for the purpose of attempting to defeat diversity jurisdiction."); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.,* 916 F.Supp. 1024, 1026 (D.Nev.1996) ("However, although [plaintiff] may have thought its amendment proper since it was filed 'as of right,' Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action."); *Lyster v. First Nationwide Bank Finan. Corp.,* 829 F.Supp. 1163, 1165 (N.D.Cal. 1993) ("Although plaintiff may have thought his amendment proper under Rule 15(a) ... the first amended complaint may not be used to defeat the removal of plaintiff's case to federal court."); *Springer–Penguin, Inc. v. Jugoexport,* 648 F.Supp. 468, 469–470 (S.D.N.Y.1986) (citing Moore's Federal Practice for the proposi-

tion that plaintiffs cannot amend as of right to add a nondiverse defendant for the purpose of defeating jurisdiction); 6 Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, Federal Practice and Procedure § 1477 (2d ed. 1990) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.").

I find myself in full agreement with these authorities. Accordingly, I reconsider the motion for leave to file an amended complaint, rescind my order granting that motion, and strike the amended complaint. The operative complaint in Civil No. JFM 07–2244 is thus the original complaint filed in the Circuit Court for Howard County on July 2, 2007. (*See* Compl. in Civil No. JFM 07–2244.)

## IV.

■ In light of my decision to rescind the amended complaint, this Court again possesses supplemental jurisdiction over plaintiff's state claims. Although Faye filed a second lawsuit with nearly-identical state claims, this Court does not have jurisdiction to decide that suit. *See supra* § II. However, because the second-filed lawsuit is a direct challenge to the defendant's right to removal, and the Court's power to exercise supplemental jurisdiction, I will enjoin Faye from prosecuting the second-filed lawsuit.

The All Writs Act provides federal district courts with the power to issue injunctions that are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The general provisions of this Act, however, are limited by the more specific provisions of the Anti–Injunction Act, 28 U.S.C. § 2283. The Anti–Injunction Act circumscribes the instances in which a federal court can en-

join state court proceedings: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

 Under the strictures of the Anti–Injunction Act, a federal court cannot enjoin state proceedings simply because they are duplicative of or identical to on-going federal proceedings.[3] *See, e.g., Lou v. Belzberg,* 834 F.2d 730, 740 (9th Cir.1987) ("The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the 'necessary in aid of' exception."). Rather, the "Act is an absolute prohibition against any injunction of any state-court proceeding, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977).

In this case, however, the "expressly authorized" exception applies. 28 U.S.C. § 2283. The Supreme Court has made clear that the removal statutes expressly authorize injunctions of state court proceedings. *See Vendo Co.,* 433 U.S. at 640, 97 S.Ct. 2881 ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."). Thus, if a defendant properly removed a case from state court to federal court, it is beyond dispute that the federal court

would· be justified in enjoining the state court from proceeding with the case.

Moreover, other courts to have considered the issue have taken the next logical step and concluded that an injunction is authorized if the plaintiff files a second lawsuit in state court that constitutes an attempt to undermine the removal statutes. The Fifth Circuit was among the first courts to adopt such a rule, stating that when "a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) [now 28 U.S.C. § 1446(d) ] in enjoining the proceedings in the state court."[4] *Frith v. Blazon–Flexible Flyer, Inc.,* 512 F.2d 899, 901 (5th Cir.1975).

The Fifth Circuit is not alone in adopting this interpretation of the removal statutes. The Ninth Circuit has similarly indicated that an injunction is appropriate under such circumstances:

It is thus clear that a federal court may enjoin the continued prosecution of the same case in state court after its removal. A more difficult problem is presented when a new action is filed in state court. . . . It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court. We agree with the Fifth Circuit that where a second state court suit is *fraudulently filed in an attempt to subvert the removal of a prior case,* a federal court may enter an injunction.

---

3. Additionally, a court cannot circumvent the Anti–Injunction Act by enjoining plaintiffs rather than the state court itself. *See In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.,* 315 F.3d 417, 439 (4th Cir.2003) ("[The Anti–Injunction Act's prohibition on injunctions] extends to indirect injunctions against parties.").

4. The relevant provision of the removal statute provides: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court *shall proceed no further* unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added).

*Lou v. Belzberg,* 834 F.2d 730, 740–741 (9th Cir.1987) (emphasis added).

■ The Eighth Circuit has adopted this rule as well, and applied it to federal question cases. *See Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.,* 77 F.3d 1063, 1069 (8th Cir.1996) ("However, the same principle [of staying state cases to vindicate federal removal jurisdiction] applies in federal question cases: after removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction."). The focal point of the analysis is on whether the second-filed suit is "an attempt to subvert the removal of the earlier case." *Id.* at 1070; *see also Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1377 (9th Cir.1997) (quoting *Kan. Pub. Employees Ret. Sys.,* 77 F.3d 1063, to the same effect).

In *Davis International, LLC v. New Start Group Corp.,* 488 F.3d 597 (3d Cir. 2007), the Third Circuit reached the same conclusion under facts similar to the ones here. In *Davis International,* the plaintiffs filed an amended complaint eliminating all non-federal claims. *Id.* at 605. The plaintiffs then filed another lawsuit against the same defendants in state court, alleging the same claims that had been eliminated pursuant to the amended complaint. *Id.* The district court believed that "the plaintiffs [were] attempting to subvert the removal statute by splitting their claims." *Id.* Under such circumstances, the Third Circuit found that enjoining the state court suit may well have been the appropriate response. *Id.* ("Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the 'expressly authorized' exception to the Anti–Injunction Act and may warrant the granting of an anti-suit injunction."); *see also Fulford v. Transp. Serv. Co.,* 2004 WL 1801335, at *2–3 (E.D.La. Aug. 10, 2004) ("The express statutory authorization of § 1446(d) prohibits continuation not only of the state court suit which was removed to federal court but also continuation of a secondary state court suit when such a suit is an attempt to subvert the purposes of the removal statute.").

Here, I have no doubt that the second-filed suit constituted an attempt to subvert this Court's supplemental jurisdiction and defendant's right to removal. Thus, following the numerous precedents authorizing me to do so, I will enjoin the plaintiff from prosecuting Civil No. JFM 08–0004 in state court until further notice. A separate order effecting the rulings made in this Memorandum Opinion is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 31 day of March 2008:

ORDERED

1. The motion to remand Civil No. JFM 08–0004 is granted;

2. Civil No. JFM 08–0004 is remanded to the Circuit Court for Howard County;

3. The amended complaint in Civil No. JFM 07–2244 is stricken; and

4. Plaintiff is enjoined from prosecuting Civil No. JFM 08–0004 in the Circuit Court for Howard County.