Geraldine MACKEY, Plaintiff,

v.

J.P. MORGAN CHASE BANK, N.A. and Cintas Corporation, Defendants.

Case No. 11–11279.

United States District Court, E.D. Michigan, Southern Division.

May 19, 2011.

Akiva E. Goldman, Sterling Heights, MI, for Plaintiff.

Thomas P. Vincent, Plunkett & Cooney, Bloomfield Hills, MI, for Defendant.

## ORDER STRIKING PLAINTIFF'S FIRST AMENDED COMPLAINT

GERALD E. ROSEN, Chief Judge.

Plaintiff Geraldine Mackey commenced this action in state court on January 26, 2011, asserting state-law tort claims against Defendants J.P. Morgan Chase Bank, N.A. and Cintas Corporation arising from injuries allegedly sustained by Plaintiff when she tripped and fell at a Chase Bank branch office in Livonia, Michigan. Defendant Cintas removed the case to this Court on March 30, 2011, citing the parties' diverse citizenship. *See* 28 U.S.C. §§ 1441(a), 1332(a).

On April 21, 2011, Defendant J.P. Morgan Chase Bank filed an answer to Plaintiff's complaint, as well as a notice identifying non-party Continental Interiors as "wholly or partially at fault for any of the damages claimed by Plaintiff in this matter." (4/21/2011 Notice of Non–Party at Fault at 2.) In apparent response to this notice, Plaintiff filed a first amended complaint on April 28, 2011, naming Continental Interiors as an additional Defendant and asserting a claim of negligence against this newly-joined party. Plaintiff's first amended complaint identifies Continental Interiors as a Michigan corporation with its principal place of business in Michigan. (*See* First Amended Complaint at ¶ 4.) Consequently, if Continental Interiors were joined as a party to this action, the requisite complete diversity of citizenship would be lacking, as Plaintiff and this new Defendant both are citizens of the State of Michigan.

Under these circumstances, the Court finds that Plaintiff's first amended complaint should be stricken from the docket, and that Plaintiff instead should bring an appropriate motion that addresses the standards for joining a non-diverse party. Specifically, as set forth in a federal statute governing post-removal procedure, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In determining whether to permit or deny joinder of a non-diverse defendant under this statute, the Court must consider such factors as (i) the removing defendant's "interest in selecting a federal forum," (ii) the "extent to which the purpose of the amendment is to defeat jurisdiction," (iii) "whether the plaintiff was dilatory in seeking the amendment," (iv) "whether the plaintiff will be injured significantly if the amendment is not allowed," and (v) "any other factors bearing on the equities." *J. Lewis Cooper Co. v. Diageo North America, Inc.,* 370 F.Supp.2d 613, 618 (E.D.Mich.2005); *see also Wells v. Certainteed Corp.,* 950 F.Supp. 200, 201 (E.D.Mich.1997).

In this case, Plaintiff has not requested that the Court exercise its discre-

tion under § 1447(e) to join a non-diverse party, Continental Interiors, and then remand this action to state court for lack of subject matter jurisdiction. Rather, she instead has invoked her right under Fed. R.Civ.P. 15(a)(1) to amend her complaint "once as a matter of course," without the need to first obtain leave of the Court to file this amended pleading.[1] As the courts have observed, there is "an inherent tension between the right to amend a complaint once as a matter of course under Rule 15(a) and the discretion conferred by § 1447(e)," as Rule 15(a) seemingly leaves no role for the court to play in determining whether a non-diverse defendant should be joined as a party. *Collins v. National General Insurance Co.*, No. 10–13344, 2010 WL 4259949, at *1 (E.D.Mich. Oct. 25, 2010); *see also J. Lewis Cooper*, 370 F.Supp.2d at 618. To resolve this tension, the courts generally have insisted that a plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through "the liberal amendment provisions of Rule 15(a)." *J. Lewis Cooper*, 370 F.Supp.2d at 618; *see also Collins*, 2010 WL 4259949, at *1; *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307–08 (8th Cir.2009); *Faye v. High's of Baltimore*, 541 F.Supp.2d 752, 756–58 (D.Md.2008); *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086–88 (C.D.Cal.1999). The courts have reasoned that this approach is necessary to prevent amendments motivated simply by the plaintiff's desire to return to state court, as opposed to a desire to add a party whose presence is needed to secure complete relief. *See Faye*, 541 F.Supp.2d at 756–58; *Clinco*, 41 F.Supp.2d at 1087–88.

The Court finds this reasoning persuasive, and concludes that the joinder of a non-diverse Defendant, Continental Interiors, should be allowed only upon a showing that satisfies the dictates of § 1447(e) and the corresponding case law. As matters now stand, the Court has not been presented with an opportunity to determine whether these statutory standards have been met, and the parties likewise have not had an opportunity to address this question. In order to ensure these opportunities, the Court will strike Plaintiff's first amended complaint, and instead will require that any desired joinder of a non-diverse defendant be accomplished through a motion brought under § 1447(e) that addresses the standards adopted by the courts for achieving joinder under this statutory provision. If Plaintiff elects to bring such a motion, the existing Defendants and Continental Interiors may then file any desired responses to this motion.[2]

---

1. There is a question here as to whether Plaintiff timely invoked Rule 15(a)(1) as a basis to file her first amended complaint. Under this provision, "[a] party may amend its pleading once as a matter of course," provided that this amended pleading is filed either (i) within 21 days after service of the initial pleading, or (ii) within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). In this case, Defendant Cintas filed its answer to Plaintiff's initial complaint on March 30, 2011, but Defendant J.P. Morgan Chase Bank did not file its answer until April 21, 2011. Thus, when Plaintiff filed her first amended complaint on April 28, 2011, more than 21 days had passed since Defendant Cintas filed its answer, but less than 21 days had passed since Defendant J.P. Morgan Chase Bank filed its answer. The Court need not decide whether this course of action comported with Rule 15(a)(1), in light of its conclusion that Plaintiff must proceed under § 1447(e) rather than Rule 15(a)(1) in order to join a non-diverse party.

2. Alternatively, of course, the parties may agree to the joinder of a non-diverse defendant, as well as the remand that would necessarily follow this joinder. The Court expresses no view as to whether Plaintiff has identified a sufficient basis for joining Continental Interiors as a party to this action, or

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's April 28, 2011 first amended complaint (docket # 13) is STRICKEN from the docket. The defendants named in this first amended complaint need not respond to this pleading. Next, IT IS FURTHER ORDERED that, within *fourteen (14) days* of the date of this order, Plaintiff shall file and serve any desired motion under 28 U.S.C. § 1447(e) seeking joinder of a non-diverse defendant and remand of this action to state court. In the event that Plaintiff files such a motion, the existing Defendants and any additional defendants identified in this motion may file responses to this motion, with the briefing on this motion governed by Local Rule 7.1 of the Eastern District of Michigan.

whether there are grounds for denying this     joinder.